IN THE MATTER OF: WILTON S. ENOCH, CLAIMANT AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 7715SC318

(Filed 2 May 1978)

**Master and Servant § 111.1— appeal from Employment Security Commission— authority of reviewing court**

> The function of the superior court in reviewing a decision of the Employment Security Commission is not to conduct an evidentiary hearing but is to determine whether there was evidence before the Commission to support its findings of fact and to decide whether the facts found sustain the conclusions of law and the resultant decision of the Commission; therefore, the trial court's conclusion that the "findings and conclusions of the Employment Security Commission are not supported by the evidence in this matter . . ." indicated that the court may have based its decision in part upon the testimony elicited at the improper evidentiary hearing it conducted, and the court in doing so exceeded its jurisdiction.

APPEAL by claimant from *Smith (David I.), Judge*. Judgment entered 25 February 1977 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 7 February 1978.

Claimant was separated from his employment in March 1975. On 6 October 1975 he filed a claim for unemployment insurance benefits. Because of questions as to "separation from employment" and "able and available for work", a hearing was held by a claims deputy 26 November 1975. The claims deputy determined that the claimant was ineligible. The claimant appealed. The decision was reviewed by an appeals deputy on 6 February 1976. The appeals deputy upheld the claims deputy's determination of ineligibility insofar as the period which is the subject of this appeal is concerned (5 October 1975 to 27

December 1975). Again, claimant appealed. The Employment Security Commission, by and through its chairman, held a hearing 18 May 1976 and rendered a decision affirming the appeals deputy.

Claimant appealed the decision of the Commission to the Superior Court. The appeal was heard in Alamance County Superior Court 29 November 1976. That court reviewed the record and heard further testimony. The Superior Court entered judgment 25 February 1977 holding the claimant eligible during the relevant period. From that decision the Commission appeals.

*Chief Counsel Doyle, by Staff Attorney Thomas S. Whitaker, for the Employment Security Commission appellant.*

*Chambers, Stein, Ferguson and Becton, by J. LeVonne Chambers and Yvonne Mims, for the claimant appellee.*

MORRIS, Judge.

The Commission raises one central question in this appeal: Does the fact that the Superior Court accepted additional evidence in hearing claimant's appeal from the decision of the Commission justify a reversal of its decision?

In reviewing decisions of the Employment Security Commission, the jurisdiction of the superior courts is based solely upon G.S. 96-15(i). The statute provides in pertinent part that:

"The decision of the Commission shall be final, subject to appeal . . . to the superior court of the county of his residence. . . . In any judicial proceeding under this section the findings of the Commission as to the facts, if there is evidence to support it, and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. . . ." G.S. 96-15(i).

The legislature, in granting this jurisdiction to the superior court, intended for the superior court to function as an appellate court. The function of the superior court in reviewing a decision of the Employment Security Commission is twofold: "(1) To determine whether there was evidence before the Commission to support its findings of fact; and (2) to decide whether the facts found sustain the conclusions of law and the resultant decision of the

Commission." *Employment Security Com. v. Jarrell*, 231 N.C. 381, 384, 57 S.E. 2d 403, 405 (1949). If the court properly confines its review to those two questions, there is no reason to conduct an evidentiary hearing.

We said in *Employment Security Comm. v. Paul's Young Men's Shop*, 32 N.C. App. 23, 231 S.E. 2d 157 (1977), *cert. denied* 292 N.C. 264, 233 S.E. 2d 396 (1977), the same principles governing the scope of judicial review on appeals from the Industrial Commission govern the scope of judicial review on appeal from the Employment Security Commission.

> ". . . [T]he reviewing court may determine upon proper exceptions whether the facts found by the Commission were supported by competent evidence and whether the findings so supported sustain the legal conclusions and the award made, but in no event may the reviewing court consider the evidence for the purpose of finding the facts for itself. (Citations omitted.) 'If the findings of fact of the Commission are insufficient to enable the Court to determine the rights of the parties upon the matters in controversy, the proceeding must be remanded to the end that the Commission make proper findings.'" *Id.* at 29, 160.

In this case the Superior Court heard and considered further evidence during the hearing of claimant's appeal and found facts. In its conclusions of law, the court held that the "findings and conclusions of the Employment Security Commission are not supported *by the evidence in this matter.* . . ." (Emphasis supplied.) It is possible that the court's determination that the Commission's findings were not supported was based solely upon a review of the record before it. It is also possible that the court based its decision, at least in part, upon the testimony elicited at the evidentiary hearing it conducted. From the record before us, we cannot determine what the basis was. The use of the phrase "not supported *by the evidence in this matter*" suggests that the Superior Court may have relied on evidence at the hearing it held. The judgment begins with the acknowledgment that the decision was reached "after . . . hearing further testimony. . . ." We, thus, conclude that the trial court relied upon evidence elicited at the improper evidentiary hearing which was outside the record brought before it on appeal. In so doing, the court exceeded its jurisdiction.

The superior court's jurisdiction in reviewing the Commission's decisions is severely limited. Clearly, any action of a court without jurisdiction is legally meaningless. We, therefore, vacate the judgment of the Superior Court and remand the case for a review on the record presented to it. It may be that the court will reach the same result in reconsidering the case. We take no position in that regard. The judgment of the Superior Court is vacated and the case is remanded for rehearing.

Vacated and remanded.

Judges CLARK and MITCHELL concur.