In re Hodges

———————

IN THE MATTER OF: RACHEL M. HODGES, APPELLEE, AND AMERICAN COMPONENTS, INC. HAYESVILLE, NORTH CAROLINA 28904, EMPLOYER, AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, APPELLANT

No. 8030SC100

(Filed 7 October 1980)

**Master and Servant § 108– unemployment compensation – profanity and horseplay by co-worker – safe place to work**

The Employment Security Commission's conclusion that claimant quit her job without good cause attributable to her employer and thus was not entitled to unemployment compensation was supported by findings that a co-worker used profane language in claimant's presence and claimant became involved in a verbal dispute with her, the co-worker at another time threw a cup of water while engaging in "horseplay" and part of it struck claimant, claimant became very upset and the employer attempted to mediate the dispute, and claimant then quit her employment, since such findings do not show that claimant was not provided a safe place to work.

APPEAL by Employment Security Commission of North Carolina from *Riddle, Judge.* Judgment signed 31 October 1979 in Superior Court, CLAY County. Heard in the Court of Appeals 27 August 1980, at Waynesville, North Carolina.

On 12 April 1979, the Employment Security Commission entered its Decision No. 8935 disallowing Rachel M. Hodges's claim for benefits, for the reason that she voluntarily quit her job with American Components, Incorporated, without good cause attributable to her employer. Upon appeal, the superior court reversed. From this judgment, the Employment Security Commission of North Carolina appeals.

*Gail C. Arneke, Staff Attorney, for appellant.*

*Rachel M. Hodges, appellee, in propria persona.*

MARTIN (Harry C.), Judge.

Rachel M. Hodges appears in these proceedings without counsel. Although she did not file a brief, this Court, in its discretion, allowed her to present oral argument on appeal. No exceptions were made to the findings of fact or conclusions of the Commission; therefore, they are deemed to be supported by competent evidence and are conclusive upon appeal. *Schloss v. Jamison,* 258 N.C. 271, 128 S.E. 2d 590 (1962); *Ply-Marts, Inc. v. Phileman,* 40 N.C. App. 767, 253 S.E. 2d 494 (1979).

The superior court sits as an appellate court on review of employment security cases. *In re Enoch,* 36 N.C. App. 255, 243 S.E. 2d 388 (1978). Therefore, the only question remaining in this case is whether the findings of fact sustain the conclusions of law and the decision of the Commission. *Id.*

The essence of the findings of fact is that a co-worker used profane language in claimant's presence and claimant became involved in a verbal dispute with her. At another time, the co-worker, engaging in "horseplay" threw a cup of water and some of it struck claimant. Mrs. Hodges became very upset and the company attempted to mediate the dispute. This all happened over the period from 21 September 1978 to 4 October 1978, when claimant quit her employment.

The findings support the Commission's conclusion that claimant quit her job without good cause attributable to her employer. Claimant has the burden of proof on this issue. *In re*

*Steelman,* 219 N.C. 306, 13 S.E. 2d 544 (1941); *In re Vinson,* 42 N.C. App. 28, 255 S.E. 2d 644 (1979). This she failed to do.

The trial court's conclusion that claimant was *entitled* to a safe place to work is not tantamount to a finding that she did not have a safe place to work. Although the co-worker's behavior may have been disagreeable to Mrs. Hodges, and may have created an unpleasant atmosphere, there is no indication that the events made the workplace in any way unsafe. The findings do not support a conclusion that claimant did not have a safe place to work.

We hold the Commission properly applied the law to the findings of fact, and that its conclusion that claimant left her job without good cause attributable to her employer should have been affirmed.

For these reasons, the judgment of the superior court is reversed and the cause is remanded to the Superior Court of Clay County for the entry of a judgment affirming the decision of the Employment Security Commission.

Reversed and remanded.

Judges CLARK and HILL concur.