BOBBY MacBRYAN GREEN AND DANIEL JOSEPH MADDALENA, PLAINTIFFS-APPELLANTS v. BAXTER C. CRANE, JR., AND WIFE, CEANNE J. CRANE, DEFENDANTS-APPELLEES

No. 8924DC209

(Filed 4 January 1990)

1. **Mortgages and Deeds of Trust § 12.1 (NCI3d); Reformation of Instruments § 1.2 (NCI3d) — restrictive covenants — power of trustee — correction of description**

  The trial court erred in a contempt proceeding to enforce a consent judgment relating to restrictive covenants by finding that defendants were in compliance with the consent judgment where the joinder agreement setting out the restrictive covenants originally did not include the six acre tract which was the subject of the original complaint; the omission of the six acre tract was rectified by rerecording the agreement with a new description; and the addition of a phrase to the description was not the correction of an obvious error. Although plaintiffs argued that the trustee lacked authority to execute the documents recorded with the register of deeds, a deed of trust to secure a debt in North Carolina passes legal title to the trustee, who therefore has authority to execute agreements. N.C.G.S. § 47-36.1.

  **Am Jur 2d, Mortgages §§ 16, 17.**

2. **Contempt of Court § 6.2 (NCI3d) — restrictive covenants — consent judgment — scope of contempt proceeding**

  The trial court erred in not allowing plaintiffs the opportunity to argue noncompliance as a basis of a contempt proceeding where the consent judgment on which the contempt proceeding was based provided that defendants bring certain real property into full compliance with restrictive covenants. Noncompliance with the restrictions was listed as a basis of the contempt proceeding "motion for show cause" and the

consent judgment stated that noncompliance was punishable as for contempt with the burden of proof upon the defendants.

**Am Jur 2d, Contempt § 98.**

**3. Contempt of Court § 7 (NCI3d) — restrictive covenants — consent judgment — contempt proceeding — costs**

The trial court did not err in a contempt proceeding arising from a consent judgment dealing with restrictive covenants by failing to tax defendants with costs. There is no authority in North Carolina to award costs to a private party in a contempt action.

**Am Jur 2d, Contempt § 114.**

APPEAL by plaintiffs from order entered 12 December 1988 by *Judge C. Philip Ginn* in AVERY County District Court. Heard in the Court of Appeals 20 September 1989.

This is an appeal from the district court's order finding defendants were not in contempt. Plaintiffs purchased a ten acre parcel of real property from defendants. On 5 February 1988 plaintiffs filed suit for specific performance of contract provisions by which defendants agreed to restrict the use of the balance of the tract of land from which the ten acre parcel was conveyed. The land, described in Deed Book 135, pages 677-79 and owned by defendants was to be made subject to the same restrictions as those in the "Declaration of Restrictions for Lost Cove Estates."

On 10 October 1988 the parties entered into a consent judgment which provided:

1. Defendants shall make subject to, and bring into full compliance with, the Declaration of Restrictions for Lost Cove Estates, all of the property remaining of record as of April 29, 1984, of the tract described in Deed Book 135, Pages 677 through 679, Avery County, Public Registry, prior to November 1, 1988.

2. The existing dwelling on the tract described in Deed Book 135, Pages 677 through 679, Avery County, Public Registry, is hereby exempted from Paragraph 3 (but not 3a) of the Restrictions until July 1, 1993, if and only if the waste water and septic system for such dwelling in its entirety is maintained in full, continuous, and uninterrupted nonviolation with appli-

cable Code and Health Department regulations; i.e.; if upon inspection it is determined by the appropriate govenmental [sic] inspector that the system is leaking or leaching into the creek or not functioning properly in violation of Code and Health Regulations, then Defendant shall be required to take immediate action to correct or abate such violation.

3. Initial proof that the waste water and septic system is not in violation of Code and Health Department regulations shall be filed with the Court before November 1, 1988, and subsequent proof of ongoing nonviolation shall be filed every twelve months. Proof shall consist of an official governmental inspection and written report.

4. Failure to comply with the above stipulations shall be punishable as for contempt. The burden of proof shall be upon the Defendants.

5. Immediately upon execution and filing of this Order, the Plaintiffs shall file a voluntary dismissal with prejudice of their Complaint and Amended Complaint in the subject action.

Plaintiffs filed a "Voluntary Dismissal (conditional)" on 25 October 1988. The dismissal was conditioned on defendants answering certain interrogatories and complying with paragraphs 1 and 3 of the consent judgment.

On 7 November 1988 plaintiffs filed a "Motion for Show Cause; Motion for Relief; Motion for Sanctions." Plaintiffs averred that defendants had failed to comply with the requirements of the consent judgment quoted above. On 12 December 1988, after a hearing, the trial court found that defendants were not in contempt of the consent judgment and denied plaintiffs' motions. Plaintiffs appeal.

*Bobby MacBryan Green, pro se.*

*Daniel Joseph Maddalena, pro se.*

*Miller and Moseley, by Allen C. Moseley, for defendants-appellees.*

EAGLES, Judge.

Plaintiffs make four arguments on appeal. First, plaintiffs assert that the documents recorded by defendants did not effectively restrict the property in question as required by paragraph 1 of the con-

GREEN v. CRANE

[96 N.C. App. 654 (1990)]

sent judgment. Second, plaintiffs assert that the trial court erred in finding that an additional lawsuit would be required to force compliance with the restrictions contained in the consent judgment. Third, plaintiffs assert that the consent judgment placed the burden of proof on the defendants to show compliance with the judgment on motion of the plaintiffs. Plaintiffs argue that defendants failed to meet their burden. Finally, plaintiffs argue that the trial court erred in failing to tax defendants with costs. We agree with plaintiffs' argument that the recorded documents did not effectively restrict the six acre tract. Therefore, the judgment of the trial court is vacated and the cause is remanded.

[1] Plaintiffs argue that the documents recorded in the Avery County Register of Deeds Office were executed by the trustee under the deed of trust and did not effectively restrict the use of the property in question. Plaintiffs assert that there is no written authority for the trustee to impose restrictions on the property encumbered by the deed of trust. Additionally, plaintiffs argue that a "Joinder Agreement" as originally recorded did not include a six acre tract in the legal description of the property; the six acre tract was the subject of the original complaint. Although the joinder agreement was rerecorded and the property description amended to contain the six acre tract, plaintiffs argue that the rerecording was ineffective because the mortgagee bank (holder of the note) did not join in its execution. Plaintiffs also assert that defendants cannot declare restrictive covenants which will run with the land unless there is a delineation of dominant and servient tenements. Finally, plaintiffs argue that the legal description of the property contained in the recorded restrictive covenants is ambiguous and therefore ineffective to restrict the property.

In North Carolina a deed of trust to secure a debt passes legal title to the trustee. *See Riddick v. Davis*, 220 N.C. 120, 125, 16 S.E. 2d 662, 666 (1941). Because the trustee held legal title to the six acre tract in question, he had authority to execute the joinder agreement. Plaintiffs' arguments to the contrary are without merit. However, defendants admitted at the hearing on plaintiffs' motion that, as originally recorded, the joinder agreement did not include the six acre tract which was the subject of the original complaint. However, defendants argue that by rerecording the agreement with the new description the inadvertent omission of the six acre tract was rectified. Defendants rely on G.S. 47-36.1 which provides that

GREEN v. CRANE

[96 N.C. App. 654 (1990)]

an obvious typographical or other minor error in a deed or other instrument recorded with the register of deeds may be corrected by rerecording the original instrument with the correction clearly set out on the face of the instrument and with a statement of explanation attached. The parties who signed the original instrument or the attorney who drafted the original instrument shall initial the correction and sign the statement of explanation. If the statement of explanation is not signed by the parties who signed the original instrument, it shall state that the person signing the statement is the attorney who drafted the original instrument.

At the hearing defendants characterized the omission of the six acre tract as "inadvertently left out." The trial court found that the rerecorded document was sufficient. We do not agree that the rerecording corrected "an obvious typographical or other minor error." The record here shows that the description of the property in the original joinder agreement was as follows:

Being Lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11 of Lost Cove Estates Subdivision as shown on a map and survey by Michael M. Lacey, R.L.S. No. L-1491, dated July 2, 1984, titled "Lost Cove Estates, Property of Baxter Crane," and being Surveyor's Map No. 84-7-2-136 and being recorded in Plat Book 21, Pages 30 and 31 of the Avery County Register of Deeds.

The description found in the rerecorded joinder agreement is as follows:

*Being all of that certain tract or parcel of land more fully described in the Deed recorded in Book 135, Page 677, Avery County Registry, which property specifically includes* Lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11 of Lost Cove Estates Subdivision as shown on a map and survey by Michael M. Lacey, R.L.S. No. L-1491, dated July 2, 1984, titled "Lost Cove Estates, Property of Baxter Crane," and being Surveyor's Map No. 84-7-2-136 and being recorded in Plat Book 21, Pages 30 and 31 of the Avery County Register of Deeds. (Emphasis added.)

The addition of the first phrase above is not the correction of an obvious typographical or clerical error. Therefore, the trial court erred when it found that defendants were in compliance with the consent judgment.

GREEN v. CRANE

[96 N.C. App. 654 (1990)]

**[2]** Plaintiffs' second argument is that the trial court erred when it stated to plaintiffs that "[i]f you think [defendants are] not in compliance with their restrictions on the property, then you're going to have to bring another lawsuit. It's not a part of this one." However, the consent judgment on which plaintiffs' contempt proceeding was based provided that "[d]efendants shall make subject to, *and bring into full compliance with*, the Declaration of Restrictions for Lost Cove Estates," the property in question [emphasis ours]. Plaintiffs listed noncompliance with the Restrictions as a basis for their "Motion for Show Cause." Therefore, the trial court erred in not allowing plaintiffs the opportunity to argue noncompliance as a basis of the contempt proceeding. The consent judgment (which the parties have agreed to) provides: "Failure to comply . . . shall be punishable as for contempt. The burden of proof shall be upon the Defendants." Once plaintiffs assert noncompliance with the requirement for recording the Restrictions, and therefore noncompliance with the consent judgment, defendants have the burden of showing compliance.

**[3]** Finally, plaintiffs argue that the trial court erred in failing to tax defendants with costs. Plaintiffs' argument is without merit. "A North Carolina court has no authority to award damages [in the form of costs] to a private party in a contempt proceeding." *Glesner v. Dembrosky*, 73 N.C. App. 594, 599, 327 S.E. 2d 60, 63 (1985). "[C]ontempt proceedings are *sui generis* and criminal in nature. Although labeled 'civil' contempt, a proceeding as for contempt is by no means a civil action or proceeding to which G.S. 6-18 (when costs shall be allowed to plaintiff as a matter of course), or G.S. 6-20 (allowance of costs in discretion of court) would apply." *United Artists Records, Inc. v. Eastern Tape Corp.,* 18 N.C. App. 183, 188, 196 S.E. 2d 598, 601, *cert. denied*, 283 N.C. 666, 197 S.E. 2d 880 (1973). The trial court did not err in refusing to tax defendants with costs.

For the reasons stated, we vacate the order of the trial court and remand the case to the trial court for further proceedings to determine whether defendants should be held in contempt and if so, what sanctions, if any, are appropriate.

Vacated and remanded.

Judges PARKER and GREENE concur.