NEIL J. NADEAU v. EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA AND THE MEASUREMENTS GROUP, INC.

No. 8910SC110

(Filed 6 February 1990)

1. **Master and Servant § 108.1 (NCI3d) — unemployment compensation — misconduct — unauthorized telephone calls**

The trial court did not err by upholding an Employment Security Commission determination that claimant was discharged for cause where claimant's rewiring of telephone lines so that he could make long-distance calls was discovered only after he was discharged, but plaintiff's employer had reached the point of knowing that claimant had made numerous personal long-distance calls on company time at company expense in violation of company policy when claimant was discharged. The later discovered modification of the telephone system was

NADEAU v. EMPLOYMENT SECURITY COMMISSION

[97 N.C. App. 272 (1990)]

not necessary to the finding of misconduct but was relevant to show claimant's state of mind.

**Am Jur 2d, Unemployment Compensation § 52.**

2. **Master and Servant § 108.1 (NCI3d) — unemployment compensation — misconduct — notice of reason for discharge**

A claimant for unemployment compensation who had been discharged for misconduct received sufficient notice of the reason for his termination where he was told that he was being discharged as the result of an ongoing investigation which showed that he was responsible for unknown telephone charges, claimant worked for a private employer and there was no allegation that he had a property interest in continued employment, and he was afforded the statutory safeguards applicable to him at each point in the proceedings.

**Am Jur 2d, Unemployment Compensation § 52.**

3. **Appeal and Error § 28 (NCI3d) — unemployment compensation — broadside exception to findings — not considered**

An unemployment compensation claimant's broadside exception to the findings did not comply with Rule 10(a) of the North Carolina Rules of Appellate Procedure and the Court of Appeals declined to address his contention that the findings were not supported by competent evidence.

**Am Jur 2d, Unemployment Compensation §§ 93, 94.**

APPEAL by petitioner from judgment entered 26 October 1988 by *Judge J. B. Allen, Jr.* in WAKE County Superior Court. Heard in the Court of Appeals 19 September 1989.

Petitioner Nadeau ("claimant"), a former employee of respondent Measurements Group, Inc. ("employer"), appeals from a decision of the Employment Security Commission ("ESC"), affirmed in Superior Court, that claimant is disqualified from receiving unemployment benefits pursuant to G.S. sec. 96-14(2) because he was discharged for misconduct connected with his work.

*Anderson, Schiller, Rutherford & Geil, by Marvin Schiller and Richard W. Rutherford, for petitioner-appellant.*

*Chief Counsel T. S. Whitaker and Deputy Chief Counsel V. Henry Gransee, Jr. for respondent-appellee Employment Security Commission of North Carolina.*

*Johnson, Gamble, Hearn & Vinegar, by Samuel H. Johnson and Richard J. Vinegar, for respondent-appellee Measurements Group, Inc.*

JOHNSON, Judge.

After being discharged by respondent employer, claimant filed for unemployment compensation benefits with the ESC effective 24 January 1988. Employer responded that claimant was disqualified because he was discharged for misconduct. An adjudicator of the ESC concluded on 12 February 1988 that claimant was not discharged because of misconduct or substantial fault connected with his work pursuant to G.S. sec. 96-14(2) or (2A). Employer appealed to the Appeals Referee, who, after a hearing, reversed the prior decision, and held that claimant was discharged for misconduct connected with his work. Claimant appealed this decision to the Deputy Commissioner. After a hearing, the Deputy Commissioner entered a decision affirming the Appeals Referee's denial of benefits on 8 June 1988. Claimant sought further review in superior court. Following a hearing in superior court, the Honorable J. B. Allen, Jr. entered an order affirming the ESC's decision in its entirety. Claimant gave notice of appeal in open court.

The Deputy Commissioner made the following pertinent findings of fact: Claimant worked for employer as a photographic laboratory technician from March 1980 until 19 January 1988. It was employer's policy that employees were allowed to make reasonable use of its telephones for personal local calls. Employees needed a supervisor's permission to make personal, long distance calls. The telephone in claimant's work area was wired for internal calls only. Certain other employees saw claimant gain access to an area above the ceiling in his work area where the telephone junction was located. Claimant modified the wiring to enable him to make local and long distance calls from his telephone. On one occasion, he was overheard calling his wife in North Dakota. At other times claimant also used the telephone of another employee. After complaints by this employee, claimant's supervisor spoke with him about his telephone usage.

On 19 January 1988, employer completed an investigation of claimant's telephone use and concluded that claimant had made a number of lengthy personal long distance calls, including calls to Germany, Massachusetts and New York. On that same date

claimant was discharged without being told the specific reason for his discharge. After terminating claimant, employer continued to investigate the manner in which calls were made and discovered the modification of the telephone wiring in the ceiling area above claimant's work area.

[1]  By his first Assignment of Error, claimant contends that the trial court erred in upholding the ESC's determination that he was discharged for misconduct because, claimant asserts, his misconduct was discovered only after his discharge. We disagree.

We note at the outset that a decision of the ESC is final, subject to review in superior court pursuant to G.S. sec. 96-15(h) and (i). In such review, "findings of fact by the Commission, if there is evidence to support them and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." G.S. sec. 96-15(i); *In re Enoch*, 36 N.C. App. 255, 243 S.E.2d 388 (1978). Concerning disqualification for benefits because of discharge for misconduct, G.S. sec. 96-14(2) states that a claimant is disqualified for benefits

> [f]or the duration of his unemployment beginning with the first day of the first week after the disqualifying act occurs with respect to which week an individual files a claim for benefits if it is determined by the Commission that such individual is, at the time such claim is filed, unemployed because he was discharged for misconduct connected with his work. Misconduct connected with the work is defined as conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

Claimant argues that his only action which would qualify as misconduct was the rewiring of the telephone lines above the ceiling in his office so that he could make long distance calls, and that this misconduct was only discovered after he was discharged. The findings of fact, however, disclose that employer had already reached the point in its investigation of knowing that claimant had made numerous personal long distance calls on company time and at

company expense, in disregard of company policy, when he was discharged. These calls evidenced "intentional and substantial disregard of the employer's interests" and of claimant's "duties and obligations to his employer," G.S. sec. 96-14(2), and rose to the level of "misconduct" under the statute. *Id.* The later discovered modification of the phone system was not necessary to the finding of misconduct. The tampering, however, is relevant to show claimant's state of mind concerning use of employer's phone system.

Violation of a company rule or policy will not constitute misconduct if the employee's action was reasonable and taken with good cause and does not demonstrate an unwillingness to work. *Intercraft Industries Corp. v. Morrison*, 305 N.C. 373, 289 S.E.2d 357 (1982). In the instant case, the evidence tended to show that claimant spent long periods of time making personal telephone calls. The record does not reflect that there was any reasonable cause for the repeated calls, and one result of them was to cause claimant to neglect his work. There is ample evidence of misconduct that was discovered prior to claimant's termination. We therefore overrule claimant's first argument.

[2] Next, claimant contends that he could not be discharged for misconduct since he was not given a specific reason at the time of discharge. Claimant relies on *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 84 L.Ed.2d 494 (1985), and *Leiphart v. N. C. School of the Arts*, 80 N.C. App. 339, 342 S.E.2d 914 (1986). We find claimant's reliance on both of these cases to be misplaced. The respondents in *Loudermill* were public employees who could only be discharged for cause. They were held to have a property right in continued employment and accordingly had a due process right to a pretermination opportunity to respond to the charges against them. *Loudermill, supra.* The *Leiphart* claimant was a permanent State employee whose discharge notice was governed by G.S. sec. 126-35. This statute is not applicable to the instant case.

In the case at bar, the claimant worked for a private employer and there is no allegation that he had a property interest in continued employment. Claimant has been afforded the statutory safeguards applicable to him at each point in the proceedings. We also note that although the Deputy Commissioner found that claimant was not told the specific reason for discharge on 19 January 1988, the transcript reveals that he was told that he was being discharged as the result of an ongoing investigation, and that the

## IN RE ROBERSON
[97 N.C. App. 277 (1990)]

investigation showed that claimant was responsible for the unknown telephone charges. This reason was sufficient to put claimant on notice of the reason for his termination. This argument is overruled.

[3] By his third Assignment of Error, claimant contends that numerous findings of fact by the ESC are not supported by competent evidence. This argument is not properly before this Court since claimant, in making a broadside exception to the findings, has failed to comply with Rule 10(a) of the N. C. Rules of Appellate Procedure. *Electric Co. v. Carras*, 29 N.C. App. 105, 223 S.E.2d 536 (1976). We therefore decline to address this argument.

We find claimant's last Assignment of Error to be wholly without merit, and we do not address it.

For all the foregoing reasons, the judgment of the superior court is

Affirmed.

Judges WELLS and ORR concur.