CHRISTINE GILLIAM, APPELLEE/CROSS-APPELLANT v. EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, APPELLANT/CROSS-APPELLEE

No. 9126SC1103

(Filed 6 July 1993)

1. **Rules of Civil Procedure § 11 (NCI3d) — Rule 11 sanctions — disqualification of petitioner for unemployment benefits — basis for disqualification — sanctions not appropriate**

   The trial court did not err by refusing to impose sanctions under N.C.G.S. § 1A-1, Rule 11 against the Employment Security Commission for retroactively disqualifying petitioner for unemployment benefits where petitioner argued that she was explicitly told by an employee of the Commission that she was not required to conduct a job search during her temporary recall, but N.C.G.S. § 96-18(g) provides that any person who has received any sum as benefits to which he was not entitled for any reason, including errors on the part of any representative of the Commission, shall repay the sum. Rule 11 sanctions cannot be imposed because there are grounds for the Commission's holding.

   **Am Jur 2d, Courts § 79; Unemployment Compensation §§ 121, 196, 199, 209.**

   **Repayment of unemployment compensation benefits erroneously paid. 90 ALR3d 987.**

2. **Rules of Civil Procedure § 11 (NCI3d) — Rule 11 sanctions — Employment Security Commission — dismissal of appeal — basis for dismissal — sanctions not proper**

   The trial court did not err by refusing to impose sanctions under N.C.G.S. § 1A-1, Rule 11 against the Employment Security Commission for dismissing petitioner's appeal on procedural grounds where the dismissal was grounded in existing law.

   **Am Jur 2d, Appeal and Error § 86.**

3. **Rules of Civil Procedure § 11 (NCI3d) — Rule 11 sanctions — Employment Security Commission — argument in trial court for remand — sanctions not proper**

   The trial court did not err by refusing to impose sanctions under N.C.G.S. § 1A-1, Rule 11 against the Employment Security Commission for arguing in superior court for a remand

GILLIAM v. EMPLOYMENT SECURITY COMM. OF N.C.

[110 N.C. App. 796 (1993)]

to the ESC rather than a reversal. The superior court judge had no authority to make findings of fact with respect to the substantive issues in the case and the only options the trial judge had were to affirm the Commission's dismissal of the appeal or remand the case for consideration of the substantive issues by the Commission.

**Am Jur 2d, Unemployment Compensation § 5.**

4. **Rules of Civil Procedure § 11 (NCI3d)— Rule 11 sanctions— Employment Security Commission—failure to comply with judgment—consideration of sanctions unclear—remanded**

A case which began as a retroactive disqualification for unemployment insurance benefits was remanded for the trial court to consider whether Rule 11 sanctions should be imposed where a superior court judgment remanded the case to the Commission to consider the substantive issue of whether petitioner was properly denied benefits for the relevant time period, the judgment ordered the Commission to make a final decision no later than 25 February, and the Commission remanded the case to an appeals referee on 22 February. That remand was not a final decision, did not comply with the directive of the trial court, and may have caused unnecessary delay or needless increase in the cost of litigation; however, although petitioner's prayer for relief requested Rule 11 sanctions, it is unclear from the record whether Rule 11 sanctions were considered by the trial court.

**Am Jur 2d, Appeal and Error §§ 51, 56.**

5. **Contempt of Court § 38 (NCI4th)— Employment Security Commission—remand to appeals referee rather than final decision—contempt—attorney fees**

An order finding the Employment Security Commission in contempt and ordering the payment of petitioner's attorney fees was remanded to the trial court where the Commission had been ordered to make a final decision by 25 February, the Commission remanded the case to an appeals referee on 22 February, and no final decision was made by 25 February. The evidence was sufficient to support the trial court's ruling holding the Commission in contempt, but attorney's fees are not properly awarded in contempt cases.

**Am Jur 2d, Contempt § 114.**

GILLIAM v. EMPLOYMENT SECURITY COMM. OF N.C.

[110 N.C. App. 796 (1993)]

**Allowance of attorneys' fees in civil contempt proceedings. 43 ALR3d 793.**

Appeal by petitioner from order entered 21 March 1991 by Judge Julia V. Jones in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 October 1992.

*Legal Services of Southern Piedmont, Inc., by Kenneth L. Schorr, for petitioner-appellant.*

*John B. DeLuca, Staff Attorney, for the Employment Security Commission.*

JOHNSON, Judge.

On 6 July 1990, the Employment Security Commission (the ESC) retroactively disqualified the petitioner, Christine Gilliam, from receiving unemployment insurance benefits for the weeks ending 28 April 1990 through 30 June 1990, on the basis that she failed to conduct a work search for that period, as required by North Carolina General Statutes § 96-13(a)(3) (1991).

On 18 July 1990, the Commission issued an overpayment notice to the petitioner in the amount of $1,002.00, reduced petitioner's benefits to recover the overpayment and recovered those benefits from petitioner.

Petitioner Gilliam filed a timely appeal of the decision disqualifying her from receiving benefits. On 17 August 1990, the appeals referee issued a decision finding that claimant did not conduct a work search during the relevant period. Petitioner filed an appeal from the referee's decision on 22 August 1990. On 28 September 1990, the Commission issued a decision dismissing claimant's appeal on the basis that the claimant did not timely submit a "clear written statement containing the grounds for the appeal" as required by North Carolina General Statutes § 96-15(c) (1991). On 12 October 1990, Gilliam filed a timely petition for review of administrative decision in Mecklenburg County Superior Court. The superior court reversed the Commission's decision which dismissed Gilliam's appeal and, at the request of the Commission, remanded the case to the Commission with an explicit order that the Commission make a final decision on the petitioner's appeal within 45 days of the 10 January hearing.

On 18 January 1991, the superior court issued a final judgment including the provision that the Commission "make a final decision on the Petitioner's appeal . . . no later than 25 February 1991." The superior court remanded the case "to the Employment Security Commission with instructions that it consider the merits of the petitioner's appeal from the decision of the Appeals Referee dated August 17, 1990." Therefore, on remand, the Commission was to have considered the substantive issue of whether petitioner was properly denied benefits for the relevant time period. The information needed to make the determination was included in the record.

On 22 February 1991, the Commission entered an order remanding the case for a new appeals referee hearing on an issue which had not been previously raised in the proceedings. The Commission contends that the remand was a final decision as required by the trial court. As of 25 February 1991, the Commission had not made a final decision on Gilliam's appeal. On 5 March 1991, the superior court, at petitioner's request, entered an order directing the Commission to appear on 21 March 1991 and show cause why it should not be held in contempt of court for wilfully violating the court's 18 January 1991 order. The superior court issued an order holding the Commission in contempt. The order permitted the Commission to purge itself of the contempt by paying Gilliam's counsel $750.00, representing the time spent by counsel on the matter after the Commission violated the prior order. The Commission appealed, as did Gilliam.

On appeal, the petitioner argues that the trial court erred in failing to impose sanctions on the ESC, the Chief Deputy Commissioner and the staff attorneys pursuant to Rule 11 of the North Carolina Rules of Civil Procedure, including the payment of attorney's fees to petitioner's counsel.

Rule 11 of the North Carolina Rules of Civil Procedure provides in pertinent part:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost

of litigation[.] . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

North Carolina General Statutes § 1A-1, Rule 11 (1990).

This Court has the authority to review the decision of the superior court not to award Rule 11 Sanctions, *de novo*. *Turner v. Duke University*, 325 N.C. 152, 381 S.E.2d 706 (1989). "In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under [Rule 11]." *Turner*, 325 N.C. at 165, 381 S.E.2d at 714.

[1] Petitioner first argues that Rule 11 sanctions are warranted because the decision to retroactively disqualify petitioner for the period of 22 April to 30 June 1990 was without any basis in fact or law. During this time, plaintiff had been temporarily recalled to her previous job on a part-time basis. She argues that her disqualification for failure to conduct a job search during this time was without any basis in law or in fact because she was explicitly told by an employee of the Commission that she was not required to conduct a job search during her temporary recall, and was not given forms to make such reports.

North Carolina General Statutes § 96-18(g)(2) (1991) provides, however, that any person who has received any sum as benefits under this Chapter by reason of the nondisclosure or misrepresentation by him or another of a material fact or has been paid benefits to which he was not entitled for any reason, including errors on the part of any representative of the Commission, shall repay the sum. Because there are grounds for the Commission's holding, Rule 11 sanctions cannot be imposed.

GILLIAM v. EMPLOYMENT SECURITY COMM. OF N.C.

[110 N.C. App. 796 (1993)]

Petitioner's second assignment of error is encompassed in the previous one and does not merit a separate discussion.

[2] Petitioner's third assignment of error states that the Commission's decision to dismiss Gilliam's appeal on procedural grounds was without any basis in law or fact. Petitioner filed her appeal which stated that she was appealing because the decision was wrong. She wrote "it is wrong." Petitioner contends that Rule 11 sanctions should be imposed because the ESC employee took the appeal, signed it, and led plaintiff to believe that it was properly filed. On 28 September 1990, the Commission issued a decision dismissing claimant's appeal on the basis that claimant did not timely submit a "clear written statement containing the grounds for the appeal" as required by North Carolina General Statutes § 96-15(c). Such decision was grounded in existing law. Accordingly, the imposition of Rule 11 sanctions are not proper on this basis.

[3] Petitioner next contends that defendants, in superior court, argued for a remand to the ESC rather than a reversal, which was without any basis in law or fact and therefore warrants the imposition of Rule 11 sanctions.

In superior court, Gilliam sought the reversal of her disqualification of benefits. The Commission, however, argued that even if it were incorrect in dismissing plaintiff's appeal, the superior court should remand the case to the Commission instead of deciding the case on its merits. We agree with the Commission, noting that the superior court judge had no authority to make findings of fact with respect to the substantive issues in the case. See In re Enoch, 36 N.C. App. 255, 243 S.E.2d 388 (1978). The only options the trial judge had were to affirm the Commission's dismissal of the appeal or remand the case for consideration of the substantive issues by the Commission.

[4] Petitioner Gilliam next argues that the Commission should be sanctioned under Rule 11 for failing to comply with the portion of the judgment signed on 17 January 1991, which required the Commission to issue a final decision by 25 February 1991. Instead of issuing a final judgment on the merits of petitioner's appeal from the 17 August 1990 decision of the appeals referee, on or before 25 February 1991, the Commission remanded the case to a hearing officer on 22 February 1991. The Commission now argues that its remand to the hearing officer was a final decision complying with the order of the trial court.

We believe that the remand was not a final decision; that the action did not comply with the directive of the trial court; and that the remand may have caused unnecessary delay or needless increase in the cost of litigation. It was very unlikely that the appeals referee would have returned a decision upon which the full Commission could have ruled in the span of three days or by 25 February 1991. Moreover, the decision that the Commission was directed to make by the superior court could have been decided on the record; the remanding of the case only served to prolong litigation. *Compare Vieregge v. N.C. State University*, 105 N.C. App. 633, 642, 414 S.E.2d 771, 776 (1992) (When this Court remands a case to the Industrial Commission for entry of an appropriate order, it is not sufficient for the Commission to remand the case to a deputy to carry out its duties; this procedure "extends the time to a final order in a case already too long delayed.").

We therefore find that this act was possibly worthy of Rule 11 sanctions. Rule 11 would apply in this case because the Commission actually signed an order remanding the matter to a hearing officer just three days prior to 25 February 1991, the date by which the Commission was to have entered a final order on the merits of petitioner's appeal. The Commission's signing of that order could be calculated as an attempt to delay the litigation or increase its cost.

We acknowledge that "in reviewing the appropriateness of the particular sanction imposed, an 'abuse of discretion' standard is proper[.]" *Turner*, 325 N.C. at 165, 381 S.E.2d at 714. In the instant case, we find no abuse of discretion. However, in the instant case, although petitioner's prayer for relief requested the imposition of Rule 11 sanctions, it is unclear from the record as to whether Rule 11 sanctions were considered by the trial court. We must therefore remand this case for the trial court to consider whether Rule 11 sanctions should be imposed.

[5] The Commission's cross-appeal contends that there was insufficient evidence to find it in contempt, but even if it were, the award of attorney's fees was improper.

It is undisputed that the trial court directed the Commission to enter a final decision on the merits of petitioner's appeal on or before 25 February 1991 and instead of issuing a final order, the Commission remanded the matter to a hearing officer on 22 February 1991. We find this evidence sufficient to support the

trial court's ruling holding the Commission in contempt. However, attorney's fees are improperly awarded in contempt cases. *See M.G. Newell Co. v. Wyrick*, 91 N.C. App. 98, 370 S.E.2d 431 (1988); *Green v. Crane*, 96 N.C. App. 654, 386 S.E.2d 757 (1990). Because the trial court improperly awarded attorney's fees in this contempt matter, we must remand the matter in order that the trial court consider imposing a legitimate means by which the Commission may purge itself of contempt.

In summary, on remand the trial court should determine if the Commission, in entering an order remanding this matter to a hearing officer on 22 February 1991, when a final order on the merits of petitioner's appeal was to have been entered on or before 25 February 1991, as directed by the court, caused unnecessary delay or needless increase in the cost of litigation which merits the imposition of Rule 11 sanctions. The trial court should also consider a legitimate basis upon which the Commission may purge itself of the contempt.

The decision of the trial court is reversed in part and remanded in part for the consideration of Rule 11 sanctions and a proper means by which the Commission may purge itself of contempt.

Judges COZORT and LEWIS concur.