IN THE MATTER OF: MICHAEL GRAVES, Petitioner v. CULP, INCORPORATED, and
EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, Respondents

No. COA03-1309

(Filed 2 November 2004)

**Unemployment Compensation— disqualification from unemployment benefits—improper standard of review**

The trial court erred by using an improper standard of review when it set aside respondent Employment Security Commission's (ESC) disqualification of petitioner-appellee from receiving unemployment insurance benefits based on petitioner's refusal to work overtime, because: (1) the superior court should first determine if ESC's findings of fact are supported by competent evidence and if those findings sustain ESC's conclusions of law, without any need to conduct an evidentiary hearing, and the trial court may only affirm ESC's dismissal of the appeal or remand the case for consideration of the substantive issues by ESC; (2) in the instant case, the trial court received evidence, made findings concerning the completeness of the record and inadequacy of ESC procedures, and concluded that procedural omissions by ESC violated claimant's due process rights and that ESC's findings of fact were supported by negligently false or misleading testimony; and (3) claimant made no exceptions to the ESC's findings in his petition for review, nor did he allege any fraud or procedural irregularity, and thus, claimant did not preserve those issues for review by the superior court meaning the court lacked jurisdiction to address them.

Appeal by respondent from order entered 1 July 2003 by Judge Wade Barber in Alamance County Superior Court. Heard in the Court of Appeals 13 September 2004.

*No brief filed by petitioner-appellee.*

*Deputy Chief Counsel Charles E. Monteith, Jr., for respondent-appellant Employment Security Commission of North Carolina.*

*No brief filed by employer-appellant.*

IN RE GRAVES v. CULP, INC.

[166 N.C. App. 748 (2004)]

MARTIN, Chief Judge.

Respondent-appellant Employment Security Commission of North Carolina (ESC) appeals from an order of the Alamance County Superior Court setting aside ESC's disqualification of petitioner-appellee from receiving unemployment insurance benefits and remanding the matter to the ESC.

On 19 May 2002, petitioner-appellee Michael Graves filed a claim for unemployment insurance benefits upon being terminated from his job. The matter was referred to an adjudicator who issued a determination that petitioner-appellee was discharged for misconduct connected with work and thus, was disqualified from receiving benefits pursuant to G.S. § 96-14(2). The matter was appealed to an appeals referee who made the following findings of fact pertinent to this appeal:

2. Claimant was discharged from this job for refusing to work overtime.

3. Claimant worked for the employer upholstery manufacturer as a laborer from August 3, 1989 until his discharge on May 13, 2002. Claimant was discharged because he failed to report to work when scheduled for three days without explanation. Those days were March 1, 9 and May 14, 2002.

4. During peak production times employees were scheduled for 12-hour work shifts as needed. Employees expected to report to work early [sic] than normal were informed of this in advance. Claimant refused to work the overtime. Claimant was allowed to have another employee take claimant's place. Claimant did this a number of times. The replacements always informed management when they were scheduled to work instead of claimant. Neither of the replacements promised to work on the dates in question.

5. When claimant could not get someone to take his place claimant informed the employer that claimant would be there when "he was supposed to be there." The employer took this to mean as scheduled but claimant meant for his regular hours.

6. Claimant was informed that his continued failure to report to work would result in his discharge. Claimant believed that the employer did not have the legal right to require him to work overtime.

Based on these findings, the appeals referee agreed with the adjudicator that petitioner-appellee was disqualified from receiving benefits pursuant to G.S. § 96-14(2) due to his refusal to work overtime. On 27 November 2002, the ESC, by and through its Chairman, adopted the findings of the appeals referee (with one minor spelling modification) and affirmed her decision. Petitioner-appellee appealed the ESC's decision to the superior court.

On 30 June 2003, the superior court issued an order finding, *inter alia*, (1) that petitioner-appellee was deprived of due process because the ESC failed to comply with its own procedures and regulations regarding the gathering of evidence and the building of a record on appeal, (2) that the ESC's findings of fact were in part based on testimony, or omitted evidence, that was either intentionally or negligently false or misleading, (3) that, as a matter of law, the record does not establish that petitioner-appellee engaged in misconduct, and (4) that the record is insufficient to enable the court to finally determine the rights of the parties. The superior court ordered petitioner-appellee's disqualification from receiving unemployment benefits to be set aside, along with all findings of fact associated with the disqualification, and remanded the matter to the ESC for reprocessing of the petitioner-appellee's claim from initiation in accordance with ESC procedures and regulations.

The ESC argues the superior court erred by utilizing an incorrect standard of review. We agree. When reviewing an ESC decision, "the findings of fact by the Commission, if there is any competent evidence to support them and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." N.C. Gen. Stat. § 96-15(i) (2003). The superior court should first determine if the Commission's findings of facts are supported by competent evidence and if those facts sustain the Commission's conclusions of law. *In re Enoch*, 36 N.C. App. 255, 256, 243 S.E.2d 388, 389-90 (1978). "If the court properly confines its review to those two questions, there is no reason to conduct an evidentiary hearing." *Id.* at 257, 243 S.E.2d at 390. The trial court may only "affirm the Commission's dismissal of the appeal or remand the case for consideration of the substantive issues by the Commission." *Gilliam v. Employment Security Comm. of N.C.*, 110 N.C. App. 796, 801, 431 S.E.2d 772, 775 (1993), *disc. review denied*, 334 N.C. 620, 435 S.E.2d 334 (1993). The Commission will be upheld if there is any competent evidence to support its findings. *Celis v. Employment Security Comm.*, 97 N.C. App. 636, 640, 389 S.E.2d 434, 436 (1990).

N.C. Gen. Stat. § 96-15(h) requires that "[t]he petition for review shall explicitly state what exceptions are taken to the decision or procedure of the Commission." N.C. Gen. Stat. § 96-15(h) (2003). *Nadeau v. Employment Security Commission*, 97 N.C. App. 272, 277, 388 S.E.2d 145, 148 (1990); *In re Hagan v. Peden Steel Co.*, 57 N.C. App. 363, 364, 291 S.E.2d 308, 309 (1982).

In the present case, the trial court received evidence, made findings concerning the completeness of the record and inadequacy of the ESC procedures, and concluded that procedural omissions by the ESC violated claimant's due process rights and that the ESC's findings of fact were supported by negligently false or misleading testimony. However, claimant made no exceptions to the ESC's findings in his petition for review nor did he allege any fraud or procedural irregularity. Therefore, claimant did not preserve those issues for review by the superior court and the court lacked jurisdiction to address them. Its order setting aside the ESC's decision must be vacated and this cause remanded to the superior court for review utilizing the correct standard of review.

Vacated and remanded.

Judges WYNN and McGEE concur.