**WOODLE v. ONSLOW CTY. ABC BD.**

[178 N.C. App. 372 (2006)]

TERRIE S. WOODLE, Petitioner v. ONSLOW COUNTY ABC BOARD and EMPLOY-
MENT SECURITY COMMISSION OF NORTH CAROLINA, Respondents

No. COA05-1458

(Filed 5 July 2006)

**Administrative Law— Employment Security Commission find-
ings—no exception—no trial court authority to consider**

The superior court had no authority to determine that
Employment Security Commission findings were not supported
by the evidence and then make its own findings where petitioner
had not excepted to the ESC findings. The trial court com-
pounded its error by relying on a decision by an appeals referee
in favor of a co-worker; by statute, that decision was not admis-
sible or binding. N.C.G.S. § 96-15(i); N.C.G.S. § 96-4(t)(8).

Appeal by respondents from judgment entered 21 July 2005 by
Judge Jerry Braswell in Onslow County Superior Court. Heard in the
Court of Appeals 17 May 2006.

*Wright Law Firm, by Ernest J. Wright, for petitioner-appellee.*

*Ward and Smith, P.A., by William Joseph Austin, Jr., for
respondent-appellant Onslow County ABC Board.*

*Acting Chief Counsel David L. Clegg, by Sharon A. Johnston, for
respondent-appellant Employment Security Commission of
North Carolina.*

HUNTER, Judge.

The Employment Security Commission of North Carolina ("ESC")
and the Onslow County ABC Board ("ABC") (collectively "respond-
ents") appeal from judgment of the trial court reversing a decision by
the ESC in favor of Terrie S. Woodle ("petitioner"). For the reasons
stated herein, we reverse the judgment of the trial court.

Petitioner worked as a sales clerk for ABC from 22 October 2002
until 11 November 2004, when she resigned. Petitioner thereafter
filed a claim for unemployment benefits. An adjudicator hearing peti-
tioner's claim determined that she had left her employment without
good cause and denied benefits. Petitioner appealed her claim to an
ESC appeals referee who, upon reviewing petitioner's case, made the
following pertinent findings:

**WOODLE v. ONSLOW CTY. ABC BD.**

[178 N.C. App. 372 (2006)]

3. Claimant left this job because she did not wish to work for a particular manager.

4. Claimant began working for employer on October 22, 2002.

5. On October 22, 2004, claimant and another employee spoke to the Onslow County ABC Board administrator about concerns they had with their manager. The manager allegedly took merchandise from the store, acted unprofessionally, and violated employer's policies and procedures.

6. On October 26, 2004, the administrator met with claimant's manager, who largely denied the allegations against her. The administrator decided to move the manager to another store for 60 days to see how she performed there.

7. The administrator monitored the manager's job performance at the store where she had been placed and found it to be satisfactory. On November 8, 2004, the [administrator] decided to bring the manager back to the store where claimant worked on November 15, 2004.

8. On November 11, 2004, the administrator went to the store where claimant worked and told her that their former manager would be returning on November 15, 2004.

9. Claimant protested the manager's return and threatened to quit if she came back. The administrator told claimant the manager was coming back on November 15, 2004, and that if she didn't like it, "there is the door," and she could leave.

10. Claimant left the store, effectively resigning her employment.

Based on these findings, the appeals referee concluded that petitioner had not shown good cause attributable to her employer to leave her job and she was therefore not qualified for unemployment benefits.

Petitioner appealed to the full ESC. The ESC reviewed the evidence and found that the decision of the appeals referee was supported by competent and credible evidence of record and adopted the findings made below with the following modification to finding of fact number 7:

7. Wilbert Watkins, administrator, was satisfied with the store manager's performance at the other location. On November 8,

2004, he decided to return the manager to the store at which the claimant worked.

The ESC otherwise affirmed the decision of the appeals referee.

Petitioner filed a petition for judicial review on 23 March 2005, arguing the decision of the ESC was erroneous as a matter of law. Specifically, petitioner argued that her co-worker, Tracie Hensley ("Hensley"), who left her employment under identical circumstances as petitioner, had received a favorable decision from another ESC appeals referee approximately one week prior to the decision rendered by petitioner's appeals referee. Petitioner contended the ESC appeals referee hearing her case was bound by *stare decisis* to render the same decision in her case as that of her co-worker. Petitioner attached the decision rendered in favor of her co-worker to her petition for judicial review.

Petitioner's case came before the trial court on 11 July 2005. Upon examining the record, the trial court determined that the facts found by the ESC were not based upon competent evidence of record, and that the ESC improperly applied the law to the facts. The trial court made the following facts:

1. That from the record, the facts and circumstances in the cases of Terrie S. Woodle, Commission Decision No. 05 (UI) 0946 and Tracie S. Hensley, Appeals Decision No. IV-A-44999 are identical.

2. That the Petitioner, Terrie S. Woodle, along with Ms. Hensley, reported that their supervisor Nancy Foster was committing theft at their store.

3. That the supervisor was removed for sixty days so that the administrator of the Onslow County ABC Board, Mr. Will Watkins, could investigate the allegations.

4. That both employees, Woodle and Hensley, engaged in state protected activities to wit: "whistleblowing."

5. That the record reflects that supervisor Foster had violated company policy according to Administrator Watkins.

6. That supervisor Foster was placed back in the same position over petitioner Woodle and Hensley within 60 days from her removal.

7. That the petitioner was given an ultimatum to work under supervisor Foster or to quit her employment.

**WOODLE v. ONSLOW CTY. ABC BD.**

[178 N.C. App. 372 (2006)]

8. That both employees left their employment for good cause not attributable to the employees.

9. That employee-Hensley filed and received an award of unemployment compensation benefits from Appeals Referee Christopher Adams in January 24, 2005. The employer did not appeal the decision.

10. That Petitioner Woodle filed and was denied unemployment compensation benefits from Appeals Referee Edward L. Anderson on February 3, 2005.

11. That the treatment of both employees is disparate under the same set of facts.

12. That a manifest injustice exists regarding the denial of employee-Woodle's unemployment compensation benefits.

The trial court entered an order reversing the decision of the ESC. Respondents appeal.

By their first assignment of error, respondents contend the trial court erred by applying an improper standard of review and deciding the case on its merits. We agree.

Section 96-15 of the North Carolina General Statutes provides for judicial review of decisions rendered by the ESC in pertinent part as follows:

Judicial Review.—Any decision of the Commission, in the absence of judicial review as herein provided, shall become final 30 days after the date of notification or mailing thereof, whichever is earlier. Judicial review shall be permitted only after a party claiming to be aggrieved by the decision has exhausted his remedies before the Commission as provided in this Chapter and has filed a petition for review in the superior court of the county in which he resides or has his principal place of business. The petition for review shall explicitly state what exceptions are taken to the decision or procedure of the Commission and what relief the petitioner seeks. . . .

N.C. Gen. Stat. § 96-15(h) (2005). "In any judicial proceeding under this section, the findings of fact by the Commission, if there is any competent evidence to support them and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." N.C. Gen. Stat. § 96-15(i).

Pursuant to section 96-15, the trial court's review of a decision by the ESC is confined to two steps: determining (1) if the ESC's findings of facts are supported by competent evidence, and (2) if those facts sustain the conclusions of law. *In re Graves v. Culp, Inc.*, 166 N.C. App. 748, 750, 603 S.E.2d 829, 830 (2004); *In re Enoch*, 36 N.C. App. 255, 256-57, 243 S.E.2d 388, 389-90 (1978). The trial court has no authority to make findings of fact with respect to the substantive issues in the case. *Gilliam v. Employment Security Comm. of N.C.*, 110 N.C. App. 796, 801, 431 S.E.2d 772, 775 (1993). Rather, the trial court may only "affirm the [ESC]'s dismissal of the appeal or remand the case for consideration of the substantive issues by the [ESC]." *Id.* "The [ESC] will be upheld if there is any competent evidence to support its findings." *Graves*, 166 N.C. App. at 750, 603 S.E.2d at 830.

In the present case, the trial court determined that the findings made by the ESC were not supported by the evidence. Petitioner made no exceptions to the findings made by the ESC, however. The trial court therefore lacked jurisdiction to consider this issue. *Id.* at 751, 603 S.E.2d at 831 (holding that, where the claimant made no exceptions to the ESC's findings in his petition for review, the claimant did not preserve these issues for review and the superior court lacked jurisdiction to address them). The trial court then proceeded to make its own findings from the evidence. The trial court had no authority to make such findings, however. *Gilliam*, 110 N.C. App. at 801, 431 S.E.2d at 775. While making such unauthorized findings, the trial court compounded its error by relying upon the appeals referee decision rendered in favor of petitioner's co-worker, Hensley. Section 96-4(t)(8) of our General Statutes provides, however, that:

> Any finding of fact or law, judgment, determination, conclusion or final order made by an adjudicator, appeals referee, commissioner, the Commission or any other person acting under authority of the Commission pursuant to the Employment Security Law *is not admissible or binding* in any separate or subsequent action or proceeding, between a person and his present or previous employer brought before an arbitrator, court or judge of this State or the United States, *regardless of whether the prior action was between the same or related parties or involved the same facts.*

N.C. Gen. Stat. § 96-4(t)(8) (2005) (emphasis added). Thus, the Hensley decision was not admissible and the trial court should not

have considered it. The decision of the trial court is erroneous and must be reversed.

Petitioner's sole argument in her petition for judicial review was that the ESC was bound to apply the earlier decision rendered by the appeals referee in favor of Hensley to her own case. N.C. Gen. Stat. § 96-4(t)(8) specifically precludes this argument, however. Having no other issue before it, the trial court should have affirmed the decision of the ESC. We therefore reverse the judgment and remand this case to the trial court to affirm the decision of the ESC.

Reversed and remanded.

Judges BRYANT and CALABRIA concur.