IN THE MATTER OF: SHIRLEY W. BOLDEN Appellee and J. C. PENNEY COMPANY, INC. Employer and EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA Appellant

No. 8026SC146

(Filed 1 July 1980)

1. **Master and Servant § 111.1– unemployment compensation – failure to apply law to "other facts in evidence" – erroneous reversal of decision**

   The superior court erred in reversing a decision of the Employment Security Commission on the ground that the Commission did not properly apply the law to the facts found by the Commission "and other facts in evidence" since the reviewing court may not consider the evidence for the purpose of finding the facts for itself, and if the findings made by the Commission, even though supported by competent evidence in the record, are insufficient to enable the court to determine the rights of the parties upon the matters in controversy, the proceeding should be remanded to the end that the Commission make proper findings.

2. **Master and Servant § 108– unemployment compensation insurance – racial discrimination by employer – necessity for findings**

   Had claimant left her job because of racial discrimination practiced against her by her employer, she would have had good cause attributable to her employer and so would not have been disqualified for unemployment compensation benefits. Claimant's evidence was sufficient to raise a factual issue which the Employment Security Commission was required to resolve where it tended to show that claimant had been employed in the merchandise records section of a department store for three years; she had worked under five different supervisors; she was the only black in the section; and she felt that she had been discriminated against because of her race in not being promoted to supervisor and not being given more pay.

APPEAL by the Employment Security Commission of North Carolina from *Johnson, Judge.* Judgment entered 3 October 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 11 June 1980.

On 14 April 1978 the claimant, Shirley W. Bolden, left her job as a merchandise records clerk in the Eastland Mall store of J.C. Penney Company in Charlotte, N.C. On 24 May 1978 she filed a claim for unemployment compensation benefits. On 25 July 1978 a hearing on the claim was held before a hearing officer of the Employment Security Commission in Charlotte, at which time the claimant, represented by counsel, appeared and testified concerning her reasons for leaving her employment.

In re Bolden

She testified that she had been employed in the merchandise records department of Penney's Eastland Mall store from 19 April 1975 until 14 April 1978, during which time she had worked under five different supervisors. She was the only black in the department, and she felt that she had been discriminated against because of her race in not being promoted to supervisor and in not being given more pay. She also presented the testimony of two other employees, who testified that they felt that the Penney Eastland Mall Store discriminated against its black employees.

On 19 April 1979 the Employment Security Commission entered its Decision No. 8572, holding that claimant was disqualified from receiving unemployment compensation benefits, this decision being based upon the following:

*Supporting Findings of Fact:*

1. The claim series now under consideration was begun effective May 21, 1978 and extends through May 27, 1978.

2. The claimant last worked with J.C. Penney Company on April 14, 1978. She had been so employed approximately 3 years.

3. The claimant was passed over for a promotion on several occasions and did not receive a raise which she believed she was entitled. On this basis she resigned her job.

*Memorandum of Law.*

The Employment Security Law provides that a claimant for benefits must be disqualified indefinitely if it is found that she resigned her job without good cause attributable to the employer. G.S. 96-14(1).

In the case at hand in the opinion of the undersigned that although the claimant may have felt she had good personal reasons for resigning, her job situation was not so

intolerable or unbearable as to force her to become unemployed at that time.

It is therefore concluded the claimant did resign her last job without good cause attributable to her employer.

Upon claimant's appeal from the decision of the Commission, the Superior Court on 3 October 1979 entered judgment as follows:

The Court, having examined the record on appeal and reviewed the evidence therein contained, finds that the facts found by the Commission in its Decision No. 8572 were based upon competent evidence contained in the record. The Court further finds that the Employment Security Commission did not properly apply the law to those and other facts in evidence and that Decision No. 8572, based on such application of the law to the facts should be reversed.

IT IS NOW, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the decision of the Employment Security Commission under Docket No. 8572 be and the same is reversed, and the cause is remanded to the Employment Security Commission of North Carolina for entry of an Order in accordance with law set forth herein.

From this judgment the Commission, as authorized by G.S. 96-15(i), appealed to the Court of Appeals.

*Paul E. Hemphill, Staff Attorney of Legal Services of Southern Piedmont, Inc., for claimant appellee.*

*Gail C. Arneke, Staff Attorney, for Employment Security Commission of North Carolina, appellant.*

PARKER, Judge.

[1] In the judgment appealed from the court expressly found that the facts found by the Commission were based upon competent evidence contained in the record. The court nevertheless reversed the Commission's decision, basing its ruling upon its

finding that the Commission "did not properly apply the law to those *and other facts in evidence.*" (Emphasis added.) In reversing the Commission on the basis of "other facts in evidence," the Court committed error.

In reviewing decisions of the Employment Security Commission as authorized by G.S. 96-15(i), the superior court functions as an appellate court. *In re Enoch,* 36 N.C. App. 255, 243, S.E. 2d 388 (1978). In performing that function, "the reviewing court may determine upon proper exceptions whether the facts found by the Commission were supported by competent evidence and whether the findings so supported sustain the legal conclusions and the award made, but in no event may the reviewing court consider the evidence for the purpose of finding the facts for itself." *Employment Security Comm. v. Young Men's Shop,* 32 N.C. App. 23, 29, 231 S.E. 2d 157, 160 (1977). If the findings of fact made by the Commission, even though supported by competent evidence in the record, are insufficient to enable the court to determine the rights of the parties upon the matters in controversy, the proceeding should be remanded to the end that the Commission make proper findings.

[2] In the judgment appealed from the court did not specify what were the "other facts in evidence" to which the Commission had failed properly to apply the law. Presumably the court was referring to the evidence presented by the claimant in support of her contention that her employer had unfairly discriminated against her because of her race. The ultimate question for decision in this case was whether the claimant had "left work voluntarily without good cause attributable to [her] employer" within the meaning of G.S. 96-14(1) so as to be disqualified for unemployment compensation benefits by virtue of that section. Had she left her job because of racial discrimination practiced against her by her employer, she would have had good cause attributable to her employer and so would not have been disqualified for beneifts. The Commission made no factual findings on this matter. The question presented for our determination on this appeal thus becomes whether such findings were necessary to determine the rights of the parties upon the matters in controversy in this case. This depends upon whether the evidence presented by the claimant was sufficient to raise a

---

In re Calhoun

---

genuine issue of fact which the Commission was required to resolve as to whether claimant's employer unfairly discriminated against her on account of her race. We find that it was. Although claimant's objective evidence tending to support her subjective feeling that she had been the victim of racial discrimination was minimal indeed and certainly would not compel that conclusion, in our opinion it was sufficient to raise a factual issue which the Commission should have resolved.

Accordingly, the judgment appealed from is vacated and this matter is remanded to the superior court with directions that the superior court further remand this matter to the Employment Security Commission, to the end that the Commission make findings of fact upon all controverted issues required to determine the rights of the parties.

Vacated and remanded.

Judges CLARK and WEBB concur.