TASTEE FREEZ CAFETERIA, EMPLOYER v. ROBERT A. WATSON, CLAIMANT, AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 827SC1125

(Filed 18 October 1983)

1. **Appeal and Error § 6.2— remand of unemployment compensation proceeding for new hearing—right of immediate appeal**

     An order of the superior court remanding an unemployment compensation proceeding to the Employment Security Commission for a new hearing was immediately appealable. G.S. 1-277(a); G.S. 7A-27(d)(4).

2. **Master and Servant § 111— unemployment compensation hearing—scope of review in superior court**

The superior court exceeded its scope of review in an unemployment compensation proceeding by ordering further findings without first determining whether the referee's findings were sufficient to support her conclusion that claimant had good cause to leave his employment.

3. **Master and Servant § 108— unemployment compensation—leaving employment for good cause—racial discrimination**

The referee's conclusion in an unemployment compensation proceeding that claimant had "good cause" for termination of his employment for racial discrimination and was entitled to unemployment benefits was supported by the referee's findings that the employer had "told claimant that he was a sorry individual, and that the only reason he did not fire claimant was because he was black," and that the employer had told claimant "not to talk, or otherwise associate with any of the white females employed at the cafeteria except to the extent that such activity was necessary to perform claimant's job." G.S. 96-14(1).

4. **Master and Servant § 110— unemployment compensation hearing—no lack of fundamental fairness**

An unemployment compensation rehearing before an appeals referee did not lack fundamental fairness because the same referee presided over the original hearing and the rehearing, because the appeals referee made references to the original hearing in stating the history of the case and in prefacing a question with a comment that she had asked the same question at the first hearing, or because leading questions were permitted. Nor was there support in the record for the conclusion that the rehearing lacked fundamental fairness on the ground that the referee took a "zealous and participatory" role in the rehearing.

APPEAL by employee-claimant from *Winberry, Judge.* Judgment entered 19 August 1982 in Superior Court, WILSON County. Heard in the Court of Appeals 21 September 1983.

*East Central Community Legal Services, Inc., by Leonard G. Green, for claimant-appellant.*

*Donald R. Teeter, for Employment Security Commission of North Carolina, appellee.*

*No brief filed by employer-appellee.*

BECTON, Judge.

Claimant filed a claim for unemployment benefits on 12 January 1982. He appealed from the initial denial of his claim by a claims adjudicator. The appeals referee, upon a hearing of the

matter, ruled that claimant was entitled to unemployment benefits because he had "good cause" for terminating his employment — racial discrimination — which was attributable to his employer. The Chief Appeals Referee, however, vacated this decision because the employer had not received notice of the hearing. The matter was heard again before the original appeals referee with both parties present. The appeals referee again ruled that claimant was entitled to unemployment benefits on a finding of "good cause."

The Employment Security Commission (Commission) affirmed the appeals referee's decision, adopting it as its own.[1] The employer appealed to superior court, which remanded the case to the Commission for a new hearing. Claimant appeals from that remand order, contending that the superior court erred in failing to affirm the Commission's decision and in remanding the case for a new hearing.

I

[1]    We reject the Commission's argument that this appeal is interlocutory and must be dismissed. An appeal from an order granting a new trial is specifically allowed by N.C. Gen. Stat. §§ 1-277(a) (Cum. Supp. 1981) and 7A-27(d)(4) (1981).

II

[2]    Claimant first contends that the superior court exceeded its scope of review by ordering further findings without first determining whether the referee's findings were sufficient to support her conclusion that claimant had good cause to leave his employment. We agree.

As this Court stated in *Employment Security Comm. v. Paul's Young Men's Shop, Inc.*, 32 N.C. App. 23, 231 S.E. 2d 157, *disc. rev. denied*, 292 N.C. 264, 233 S.E. 2d 396 (1977): "[T]he reviewing court may determine upon proper exceptions whether the facts found by the Commission were supported by competent evidence and whether the findings so supported sustain the legal conclusions." *Id.* at 29, 231 S.E. 2d at 160. In its order dated 19

---

1. Because the Commission adopted the appeals referee's findings and conclusions as its own, we shall continue to refer to the findings and conclusions made by the appeals referee.

August 1982, the superior court found that the referee's "broad conclusionary factual findings [were] supported by evidence." The superior court then found that the findings were not sufficient to resolve all the issues raised by the evidence. By so doing, however, the superior court failed to assess whether the specific facts found by the referee supported her legal conclusion. The reviewing court may remand for further findings *only if* the original findings were insufficient to sustain the legal conclusion. *Id.*

### III

[3]  We hold the referee's findings sufficient to sustain her conclusions of law. The referee found as a fact that the employer had "told claimant that he was a sorry individual, and that the only reason he did not fire claimant was because he was black." The referee found further that the employer had told claimant "not to talk, or otherwise associate with any of the white females employed at the cafeteria except to the extent that such activity was necessary to perform claimant's job." Based on these findings, the referee concluded that claimant was not disqualified for benefits under N.C. Gen. Stat. § 96-14(1) (Cum. Supp. 1981) because "claimant had *good cause* for leaving the job and . . . such cause was *attributable to the employer* because of demeaning remarks made to claimant by the owner attacking claimant's character and integrity." (Emphasis added.)

It is undisputed that claimant terminated his employment and was not discharged for misconduct. Thus, the only issue was whether such termination was for "good cause attributable to the employer." G.S. § 96-14(1). Racial discrimination by an employer is "good cause" for an employee's voluntary termination. *In re Bolden,* 47 N.C. App. 468, 267 S.E. 2d 397 (1980). The referee's findings of racial discrimination are sufficient to sustain her conclusion that claimant had "good cause" to leave his job. These findings were all that was necessary to address the only issue before the Commission. Further factual findings were not required. In fact, the superior court's order does not identify any other factual issue in the case. Rather, the superior court summarily concluded that the Commission's findings of fact did not resolve "all of the basic factual issues that [arose] from this evidence." The superior court therefore erred in remanding the case for further findings.

## IV

**[4]** Claimant next argues that the superior court erred in granting a new hearing after concluding that the appeals referee hearing lacked fundamental fairness because: (a) the same referee presided over both hearings; (b) some references were made to the prior hearing; (c) leading questions were permitted; and (d) the referee took a "zealous and participatory" role in the hearing. We agree with claimant.

There is no prohibition against the same judge presiding over a second hearing, unless there is substantial evidence that her role in the first hearing would have some prejudicial effect on her decision. *State v. Vega,* 40 N.C. App. 326, 253 S.E. 2d 94, *disc. rev. denied,* 297 N.C. 457, 256 S.E. 2d 809, *cert. denied,* 444 U.S. 968, 100 S.Ct. 459, 62 L.Ed. 2d 382 (1979); *Love v. Pressley,* 34 N.C. App. 503, 239 S.E. 2d 574 (1977), *disc. rev. denied,* 294 N.C. 441, 241 S.E. 2d 843 (1978). Such evidence is lacking in the present case. The only references to the previous hearing were the referee's statement of the history of the case when the hearing was called to order and the referee's preface to a question when she stated that she had asked the same question at the first hearing. These references do not constitute prejudicial error as a matter of law.

Leading questions are not absolutely prohibited in an Employment Security Commission hearing. An unemployment hearing is not as formal as a hearing in a court of law. Indeed, the Employment Security Commission is authorized to prescribe regulations for the conduct of hearings, "whether or not such regulations conform to common-law or statutory rules of evidence." N.C. Gen. Stat. § 96-15(f) (Cum. Supp. 1981). Nothing in the record in the present case indicates an abuse of discretion.

Nor is there support in the record for the conclusion that the referee took a "zealous and participatory" role in the hearing. Many of the questions asked by the referee were for purposes of clarifying testimony and eliciting preliminary matters regarding claimant's employment history. There was no jury to be misled or influenced by the questioning. We find no evidence of prejudice in the record.

We, therefore, find that the appeals referee hearing did not lack fundamental fairness.

V

The superior court erred in failing to affirm the Commission's decision. This case, therefore, must be remanded to the superior court for the entry of an order in accordance with this opinion.

Reversed and remanded.

Judges JOHNSON and BRASWELL concur.