MARILYN M. DUNLAP v. CLARKE CHECKS, INC., AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 8826SC604

(Filed 17 January 1989)

1. Master and Servant § 108.1— unemployment compensation—inadvertent mistakes—failure of Commission to make findings

In a proceeding for unemployment compensation where claimant was discharged for allowing two batches of checks with incorrect logos to be mailed to customers within a one-year period, the ESC erred in failing to make

findings as to whether claimant's mistakes were "inadvertent" within the meaning of N.C.G.S. § 96-14(2A) and therefore would not constitute "substantial fault" which would disqualify her from receiving unemployment compensation benefits.

**2. Master and Servant § 110— unemployment compensation—evidence that claimant is disqualified—only one opportunity for employer to present evidence**

Where there is evidence in the record which could support a conclusion on a material issue, the superior court may not grant an employer more than one opportunity before the Employment Security Commission to produce other evidence to prove that a claimant is disqualified from receiving unemployment benefits; rather, the superior court may order the taking of additional evidence only in the unusual circumstances of newly discovered evidence.

APPEAL by claimant from *Snepp, Judge.* Judgment entered 17 March 1988 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 3 November 1988.

Marilyn M. Dunlap (claimant) brought this action for unemployment compensation benefits after her employer, Clarke Checks, Inc., fired her. Clarke Checks (employer) prints checks and other items for financial institutions. Claimant worked for employer for about three and one-half years as a validator. Her duties were to examine newly printed checks and other documents to ensure that they were printed with the proper information before the employer shipped them to its customers. Employer had a written policy which stated that if a validator allowed to be shipped, inadvertently or otherwise, two incorrect "logos" on new checks inspected within a one year period, severe disciplinary action would be taken, to include termination. On 27 February 1987 and on 27 April 1987 claimant validated incorrect "logos" on checks. In accordance with its written policy employer fired claimant on 27 April 1987.

Soon thereafter claimant filed a claim for unemployment compensation benefits. An Employment Security Commission (ESC) adjudicator determined that employer discharged claimant for substantial fault connected with her work. Claimant appealed and the appeals referee also concluded that "claimant was discharged for substantial fault on his [sic] part connected with the work." Pursuant to G.S. 96-14(2A), the referee disqualified claimant from receiving unemployment compensation benefits for nine weeks. Upon claimant's appeal to ESC, Chief Deputy Commissioner McGhee affirmed and adopted the referee's decision. Again, claimant

appealed. The Superior Court judge ruled that "the facts found by the Commission . . . are insufficient to support the conclusions and resultant decision of the Commission and that additional evidence must be taken." From the Superior Court judgment, claimant appeals.

*Legal Services of Southern Piedmont, Inc., by Thomas W. Brudney and Theodore O. Fillette, for claimant-appellant.*

*T. S. Whitaker, Chief Counsel, and James A. Haney, for Employment Security Commission of North Carolina, respondent-appellees.*

*Robinson, Bradshaw & Hinson, by Richard A. Vinroot; Mathews and Branscomb, by James H. Kizziar, Jr. (San Antonio, Texas) for Clarke Checks, Inc., respondent-appellees.*

EAGLES, Judge.

In this unemployment compensation case claimant argues that the superior court erred in its review in two respects. First, she contends that the court should have concluded that the facts as found by ESC fall within one of the enumerated exceptions to G.S. 96-14(2A) and, therefore, she is not disqualified from receiving unemployment compensation benefits as a matter of law. She further argues that the superior court erred in remanding the case to ESC. We hold that the court erred in ordering that additional evidence be taken upon remand; otherwise, we affirm.

In reviewing ESC decisions the superior court must determine whether the facts found by the Commission are supported by any competent evidence and whether those facts support the Commission's conclusions of law. *Employment Security Comm. v. Young Men's Shop,* 32 N.C. App. 23, 231 S.E. 2d 157, *disc. rev. denied,* 292 N.C. 264, 233 S.E. 2d 396 (1977). Additionally,

> [i]f the findings of fact made by the Commission, even though supported by competent evidence in the record, are insufficient to enable the court to determine the rights of the parties upon the matters in controversy, the proceeding should be remanded to the end that the Commission make proper findings.

*In re Bolden,* 47 N.C. App. 468, 471, 267 S.E. 2d 397, 399 (1980). Furthermore, if ESC has found all the material facts necessary to

resolve the issue, any remand to ESC is error. *Tastee Freez Cafeteria v. Watson,* 64 N.C. App. 562, 307 S.E. 2d 800 (1983).

[1]  G.S. 96-14(2A) mandates that an individual be disqualified from receiving unemployment compensation benefits for a period of four to thirteen weeks if his discharge from employment is due to "substantial fault on his part connected with his work not rising to the level of misconduct." The statute further defines substantial fault

> to include those acts or omissions of employees over which they exercised reasonable control and which violate reasonable requirements of the job but shall not include (1) minor infractions of rules unless such infractions are repeated after a warning was received by the employee, (2) *inadvertent mistakes made by the employee,* nor (3) failures to perform work because of insufficient skill, ability, or equipment. [Emphasis added.]

G.S. 96-14(2A).

Claimant argues that the Commission's finding of fact number 7 establishes, as a matter of law, that her violation of company policy was inadvertent and, therefore, she should not be disqualified from receiving unemployment compensation benefits. The Commission found, in part,

> 7. The claimant violated the above job requirement(s) because claimant's [sic] states that these are inadvertent errors caused by the pressure of the job, although she admits that she had been asked to slow down in order to improve the quality of her work.

This finding merely restates the claimant's testimony that her mistakes in not correcting the wrong "logos" on the checks were inadvertent errors. The Commission here failed to make the key finding in this case, i.e., determining whether the claimant's conduct was inadvertent. Findings of fact that merely restate a party's contentions or testimony without finding the facts in dispute are not adequate. It is the duty of the fact finder to resolve conflicting evidence. *Wall v. Timberlake,* 272 N.C. 731, 158 S.E. 2d 780 (1968). Neither the superior court nor this court may act as finders of fact in unemployment compensation cases. If the Commission fails to find a material fact, the case must be remand-

Dunlap v. Clarke Checks, Inc.

ed to ESC for a proper finding. *In re Baptist Children's Homes v. Employment Security Comm.*, 56 N.C. App. 781, 290 S.E. 2d 402 (1982). Accordingly, we affirm that portion of the judgment remanding the case to ESC for additional findings.

[2] Claimant next argues that her employer failed to meet its burden of proving disqualification and, therefore, she should be entitled to receive unemployment compensation. The Commission has not made the material factual finding which would support a conclusion either way. However, we hold that where there is evidence in the record which could support a conclusion on a material issue, that the superior court may not grant an employer more than one opportunity before the Commission to produce other evidence to prove that a claimant is disqualified. Accordingly, we vacate that portion of the judgment ordering that additional evidence be taken upon remand to ESC.

Our Supreme Court has ruled that a discharged employee is presumed to be entitled to unemployment compensation benefits and that the employer has the burden of rebutting the presumption by proving disqualification. *Intercraft Industries Corp. v. Morrison*, 305 N.C. 373, 376, 289 S.E. 2d 357, 359 (1982). Taking additional evidence upon remand would allow employers repeated opportunities to meet their burden of proving that an employee should be disqualified.

Moreover, the scope of judicial review on appeals from ESC is the same as the scope of review in cases from the Industrial Commission. *In re Enoch*, 36 N.C. App. 255, 243 S.E. 2d 388 (1978). In *Bailey v. Dept. of Mental Health*, 272 N.C. 680, 159 S.E. 2d 28 (1968), our Supreme Court stated that the superior court could order the taking of additional evidence only in the unusual circumstances of newly discovered evidence. We hold that this rule applies in Employment Security Commission matters.

For the foregoing reasons we modify and remand the superior court's judgment.

Modified and remanded.

Judges BECTON and GREENE concur.