HOUSECALLS NURSING SERVICES, INC., PETITIONER/APPELLEE v. WILHEMINA R. LYNCH, RESPONDENT, AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, RESPONDENT/APPELLANT

No. 9419SC459

(Filed 21 March 1995)

1. **Labor and Employment § 164 (NCI4th)— available work— distance from employee's home — sufficiency of evidence**

   The evidence was sufficient to support the Employment Security Commission's finding that the job offered by petitioner to respondent would have required her to travel a minimum of 270 miles per day.

   **Am Jur 2d, Unemployment Compensation §§ 119, 120.**

2. **Labor and Employment § 164 (NCI4th)— available work not suitable—respondent not disqualified from receiving unemployment benefits**

   The distance from respondent employee's residence to the available work (270 miles), the disconnected work schedule (a

ten-hour span of time during which she would be "on duty" and paid for only six hours), and the transportation available to the employee (a ten-year-old vehicle with over 100,000 miles on it) supported the ESC's conclusion that the available work was not suitable, and the ESC correctly ordered that respondent was not disqualified from receiving unemployment benefits.

**Am Jur 2d, Unemployment Compensation §§ 119, 120.**

Judge LEWIS dissenting.

Appeal by respondent from judgment entered 18 February 1994 in Randolph County Superior Court by Judge Peter M. McHugh. Heard in the Court of Appeals 2 February 1995.

*J. Sam Johnson, Jr. for petitioner-appellee.*

*Chief Counsel T. S. Whitaker and Staff Attorney C. Coleman Billingsley, Jr., for respondent-appellant.*

GREENE, Judge.

Pursuant to N.C. Gen. Stat. § 96-15(i), the Employment Security Commission of North Carolina (ESC) appeals from a judgment of the Randolph County Superior Court holding that Wilhemina R. Lynch (Lynch) was disqualified for unemployment insurance benefits.

The evidence shows that Lynch worked for Housecalls Nursing Services, Inc. (Housecalls), a provider of in-home patient care, as a certified nursing assistant from April 1991 until April 1993.

Lynch was discharged from her job at Housecalls because the patient with whom she worked was admitted to a nursing home on 8 April 1993, and Housecalls did not have other work available for Lynch at this time. On 11 April 1993, Lynch filed a claim for unemployment insurance benefits, pursuant to N.C. Gen. Stat. § 96-15(a), against Housecalls.

Pursuant to N.C. Gen. Stat. § 96-15(b)(1), an Adjudicator reviewed Lynch's claim and found her to be "not disqualified for benefits," because she was not discharged "for misconduct or substantial fault on [her] part." Housecalls contests Lynch's qualification to receive unemployment insurance benefits, because Housecalls offered Lynch a job with a new patient on 13 April 1993 and she refused the job. Thus, pursuant to N.C. Gen. Stat. § 96-15(b)(2),

Housecalls appealed the Adjudicator's determination, arguing that Lynch "refused opportunities for other additional work." During a hearing on 23 June 1993, a representative from Housecalls testified that they offered Lynch a job working three two-hour shifts, the times of which were 8 a.m. until 10 a.m., then again from 12 noon until 2 p.m., and again from 4 p.m. until 6 p.m. Lynch testified that on the day she drove to that location to work, her odometer measured fifty miles, one way. She also testified that the odometer on her car displayed over 100,000 miles. After the hearing, the appeals referee made the following findings of fact:

1. On April 13, 1993, [Lynch] was offered a job by Housecalls in Goldsboro, which is 45 miles from [Lynch's] residence.

2. A brief description of the job is as follows: working three two hour visits per day, caring for a patient in his home at $20.00 per visit. This was identical to [Lynch's] previous work except that she had earned $16.00 per visit previously. This job would have been five days per week.

3. [Lynch] failed to accept the job because she felt her car was not reliable enough to drive that far on a regular basis. She did work two visits on April 14, 1993 to train other workers.

4. [Lynch] is qualified by experience and training to perform the following types of work: certified nursing assistant.

The appeals referee then concluded that the job offered Lynch was "suitable" for her and that she "did not have good cause for failing to accept the suitable work." Thus, the appeals referee determined that Lynch was "disqualified for unemployment benefits."

Lynch then appealed to the ESC, pursuant to N.C. Gen. Stat. § 96-15(e), which reversed the decision of the appeals referee based on his improper application of the law in this case, because it did not "consider the distance of the available work from [Lynch's] residence." The ESC accordingly held Lynch "not disqualified" from receiving unemployment benefits because the job offered by Housecalls was "unsuitable" for Lynch. In so deciding, the ESC adopted the appeals referee's findings of facts with the following modifications:

2. Unless [Lynch] was assigned other visits within the same work area between the visits associated with this particular assign-

ment, the job would have required her to travel a minimum of two hundred-seventy (270) miles per day; i.e., three (3) trips originating at and returning to her place of residence. The Appeals Referee obtained no labor market information from an agency witness on the travel distances normally associated with these types of jobs, although information appearing on Commission Exhibit #5 indicated that the customary one-way travel distance for such jobs would be twenty (20) miles.

3. [Lynch's] car was a 1983 Buick with over one hundred thousand (100,000) miles.

Thereafter, Housecalls, pursuant to N.C. Gen. Stat. § 96-15(h), petitioned the Randolph County Superior Court for review. On 16 February 1994, that court reversed the ESC's decision and reinstated the decision of the appeals referee, thus concluding that the job offered Lynch was "suitable."

The appeal from the superior court to this Court requires that we review the order of the ESC in the same manner as the superior court must review that order. N.C.G.S. § 96-15(i) (1993); *Reco Transp., Inc. v. Employment Sec. Comm'n*, 81 N.C. App. 415, 418, 344 S.E.2d 294, 296, *disc. rev. denied*, 318 N.C. 509, 349 S.E.2d 865 (1986). Thus, we accept as conclusive the findings of fact made by the ESC "if there is any competent evidence to support them." N.C.G.S. § 96-15(i). The ESC's conclusions of law receive *de novo* review. *Id.* Appeals to the courts from orders of the ESC are not governed by the Administrative Procedures Act. N.C.G.S. § 150B-1(c)(5) (1991).

The issues on appeal are whether (I) the ESC's findings of fact are supported by competent evidence; and (II) those findings support the ESC's conclusion that the job offered Lynch was "suitable."

I

[1] Housecalls argues that the ESC's finding that "the job would have required [Lynch] to travel a minimum of two hundred-seventy (270) miles per day" is not supported by competent evidence. We disagree.

The evidence before the ESC was that Housecalls offered Lynch a job, which consisted of three, two-hour sessions with a patient who lived forty-five miles from Lynch's residence. The sessions began at 8 a.m. and ended at 6 p.m. with a two-hour break from 10 a.m. until 12 noon and another two-hour break from 2 p.m. until 4 p.m. There is no

evidence in the record that Housecalls provided Lynch any place to stay during the four hours she was required to wait between working periods, or that she had some place to stay near the work site. Furthermore, as the ESC argues, "[t]o expect claimant to find something to do four hours per day, twenty hours per week, when she is 45 miles from her house is not reasonable," because this effectively requires Lynch to be at or near the work site for ten hours a day while compensating her for only six hours. Thus, the finding that the job required Lynch to drive back and forth between her home and the patient's home between the sessions for a total of 270 miles each day is supported by this record. *See In re Durham Annexation Ordinance*, 69 N.C. App. 77, 85, 316 S.E.2d 649, 654 (ultimate findings, which fact finders are required to make, are reached by process of logical reasoning from the evidence), *disc. rev. denied and appeal dismissed*, 312 N.C. 493, 322 S.E.2d 553 (1984).

II

[2] To qualify for unemployment benefits, a claimant must accept "suitable work when offered him." N.C.G.S. § 96-14(3) (1993). The determination of whether the work is suitable requires a consideration of several factors, including "the distance of the available work from [the employee's] residence." *Id.* In this case the distance from the employee's residence to the available work, the disconnected work schedule and the transportation available to the employee support the conclusion that the available work was not suitable, as that term is used in N.C. Gen. Stat. § 96-14(3). *See Watson v. Employment Sec. Comm'n*, 111 N.C. App. 410, 415, 432 S.E.2d 399, 402 (1993) (employee, who did not have reliable transportation, not disqualified from unemployment benefits when she refused employment after employer moved plant location farther from residence of employee). Thus, the ESC correctly ordered that Lynch was not disqualified from receiving unemployment benefits and the trial court erred in reversing that order. The order of the superior court is accordingly reversed.

Reversed.

Judge COZORT concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

I respectfully dissent. The superior court correctly ruled that the ESC's findings of fact were not supported by sufficient competent evidence. There was no evidence to support the ESC's finding that the job would have required Lynch to travel a minimum of 270 miles per day. The majority implies that logical reasoning permits the inference that the three-visit per day schedule would require Lynch to drive home after each visit. I find no logical reason why anyone would drive the forty-five miles to work for the first visit at 8:00 a.m., then home, then back for the second visit, then home, then back for the third visit, then home at 6:00 p.m.

As to the forty-five mile commute, I note that on Lynch's 1991 application for employment, she answered "yes" to the following three questions: "Can you travel 30 miles (one-way) daily to work?"; "Can you travel over 30 miles occasionally to work?"; "Can you travel over 30 miles routinely to work?" Additionally, one of the "special requirements" of the terms of her employment was that she have transportation.

Because the superior court correctly concluded that there was insufficient evidence to support the ESC's findings of fact, I would affirm the judgment of the superior court.