ELMORE, Judge.
Respondent, the mother of "Larry" and "Leslie,"[1] appeals from the trial court's order terminating her parental rights to the minor children. Because we hold the trial court's findings of fact are insufficient for this Court to conduct meaningful appellate review, we vacate and remand for additional findings.
On 13 July 2015, the Robeson County Department of Social Services ("DSS") filed juvenile petitions alleging that Larry and Leslie were neglected. The petitions alleged that on 21 May 2015, DSS received a neglect referral after respondent tested positive for amphetamines at Larry's birth. Respondent admitted she had a long history of opiate use and that she had taken Suboxone without a prescription during her pregnancy. The children were placed with a safety resource. The petitions further alleged that on 10 July 2015, DSS was informed that the safety resource had allowed the children to return to respondent's care on 5 July 2015 without DSS's knowledge. When DSS met respondent at her home, respondent admitted to taking medications that were not prescribed to her and smoking marijuana while the children were in her care on 9 July 2015. The petitions also alleged that the children appeared to have an odor and need bathing, and that Larry had a rash in his mouth and was not feeding well. Respondent's home was also in need of repairs due to holes in the walls and floors. DSS took the children into nonsecure custody.
Respondent entered into a Family Services Case Plan, which required her to obtain mental health and substance abuse assessments and follow all recommendations, participate in parenting counseling and demonstrate learned skills during visits, and obtain and maintain suitable housing and income.
The court held a hearing on the petitions on 5 August 2015. In an order entered 8 September 2015, the trial court adjudicated the children neglected. In a separate disposition order, the court awarded respondent at least one hour of visitation per week and set the permanent plan as reunification.
In a review order entered 3 December 2015, the trial court continued the permanent plan of reunification with a concurrent plan of adoption. The trial court found that respondent was "not compliant with her substance abuse services" and that respondent "need[ed] to address [her] substance abuse, mental health, housing and employment" before the children could be returned to her care.
After a 13 July 2016 hearing, the trial court entered a permanency planning review order on 1 September 2016. The trial court found that respondent had obtained housing and completed parenting classes, and that she was compliant with her mental health and substance abuse services. Therefore, the court ordered a trial placement of the children in respondent's home. However, on 15 September 2016, the trial placement was terminated due to respondent's failure to comply with the substance abuse services of her case plan. In a subsequent permanency planning order, the trial court changed the permanent plan to adoption with a concurrent plan of reunification with respondent.
In a permanency planning review order entered 24 August 2017, the trial court found that respondent was not working on her case plan. The court found that respondent had sought individual counseling on her own but stopped attending, had obtained housing but was evicted due to nonpayment, and had not submitted to random drug screens. Respondent was not employed and had not visited the children since 16 May 2017.
On 13 January 2017, DSS filed a petition to terminate respondent's parental rights to the children based on the grounds of neglect, willfully leaving the children in foster care or placement outside the home for more than 12 months without making reasonable progress to correct the conditions which led to removal, dependency, and willfully failing to pay a reasonable cost of care. See N.C. Gen. Stat. § 7B-1111(a)(1)-(3), (6) (2017). After a hearing, the trial court entered an order on 22 September 2017, concluding that grounds existed to terminate respondent's parental rights based on N.C. Gen. Stat. § 7B-1111(a)(1)-(3), and that termination was in the children's best interests.[2] Respondent appealed.
Respondent argues the trial court erred in terminating her parental rights because the findings of fact do not support its conclusions that the grounds for termination existed.
"This Court reviews a trial court's conclusion that grounds exist to terminate parental rights to determine whether clear, cogent, and convincing evidence exists to support the court's findings of fact, and whether the findings of fact support the court's conclusions of law." In re C.J.H. , 240 N.C. App. 489, 497, 772 S.E.2d 82, 88 (2015) (citation omitted). "If the trial court's findings of fact are supported by ample, competent evidence, they are binding on appeal, even though there may be evidence to the contrary." Id. (citation and internal quotation marks omitted). We review de novo whether a trial court's findings support its conclusions. See In re S.N. , 194 N.C. App. 142, 146, 669 S.E.2d 55, 59 (2008) (citation omitted), aff'd per curiam, 363 N.C. 368, 677 S.E.2d 455 (2009).
However, in order for this Court to conduct meaningful appellate review, a trial court must make "specific findings of the ultimate facts established by the evidence, admissions and stipulations which are determinative of the questions involved in the action and essential to support the conclusions of law reached." In re Z.D. , --- N.C. App. ----, ----, 812 S.E.2d 668, 671 (2018) (citation and internal quotation marks omitted). "Findings of fact that merely restate a party's contentions or testimony without finding the facts in dispute are not adequate. It is the duty of the fact finder to resolve conflicting evidence." Dunlap v. Clarke Checks, Inc. , 92 N.C. App. 581, 584, 375 S.E.2d 171, 174 (1989). Further, "[f]indings that a party or attorney asserted some fact or felt a particular way about an issue without a finding by the court resolving the conflicting assertions is not sufficient." In re M.M. , 230 N.C. App. 225, 238, 750 S.E.2d 50, 58 (2013).
Here, although the trial court purported to make 174 evidentiary findings of fact in support of its ultimate findings that grounds existed to terminate respondent's parental rights, the vast majority of those findings merely recount reports or out-of-court statements made to DSS by a particular declarant during the case and thus are "not even really ... finding[s] of fact." In re O.W. , 164 N.C. App. 699, 703, 596 S.E.2d 851, 854 (2004). This is indicated by the trial court's repeated statements that DSS "was informed" of certain information by a third party, or that a party "stated" a particular fact to DSS. See Williamson v. Williamson , 140 N.C. App. 362, 364, 536 S.E.2d 337, 339 (2000) (stating that the trial court's findings were mere recitations of evidence as "indicated by the trial court's repeated statements that a witness 'testified' to certain facts or other words of similar import").
For example, the trial court issued the following purported findings:
61. On March 31, 2016, [the social worker] was informed by TT&T Services that [respondent] has tested positive for cocaine on March 22, 2016.
....
70. On June 10, 2016, [the social worker] was informed by Grace Court staff that [respondent] tested positive for buprenorphine on May 31, 2016 and June 2, 2016.
....
129. On January 10, 2017, [a worker] with TT&T Services stated [respondent's] last drug screen was completed on December 7, 2016 and [respondent] tested positive for Buprenorphine (Opiate used for management of pain severe enough to require an opioid analgesic). [The worker] stated [respondent] did not provide a prescription for the medication for which she tested positive.
(Emphasis added.)
As these findings merely recount out-of-court statements made by a third party to DSS, they are not true findings of fact. See In re M.R.D.C. , 166 N.C. App. 693, 699, 603 S.E.2d 890, 894 (2004) ("Recitations of the testimony of each witness do not constitute findings of fact by the trial judge[.]" (internal quotation marks omitted) ), disc. review denied , 359 N.C. 321, 611 S.E.2d 413 (2005). Taking finding of fact 129 as an example, a proper finding would be that "on 7 December 2016, respondent tested positive for Buprenorphine and could not provide a prescription for the medication" if the trial court found that fact to be true based on the evidence presented.
The findings also fail to reconcile conflicts in the evidence in order to allow this Court to conduct a proper review. For example, finding of fact 65 states that on 26 April 2016 the social worker "was informed" by TT&T Services that respondent "tested positive for cocaine with an oral swab on April 20, 2016." However, finding of fact 66 states that when the social worker questioned respondent about any drug use, respondent "denied any cocaine use." Finding of fact 67 then states that a worker with Family Treatment Court informed the social worker "that the same day [respondent] tested positive for cocaine at TT&T, she was drug screened through Grace Court and she was negative for cocaine." These findings fail to resolve the conflicting evidence regarding respondent's substance abuse, one of the conditions that led to the children's removal.
It appears the "findings" are copied almost verbatim from DSS's "Termination of Parental Rights Timeline" entered into evidence at the hearing. "Our Supreme Court has ... long required a trial court's findings to reflect a true reconciliation and adjudication of all facts in evidence to enable the appellate courts to review the trial court's conclusions." In re M.K. , 241 N.C. App. 467, 471, 773 S.E.2d 535, 538 (2015) (citing Quick v. Quick , 305 N.C. 446, 290 S.E.2d 653 (1982) ). Because the purported findings do not determine what evidentiary facts the trial court actually found existed from the evidence presented, they do not constitute findings of fact. See In re Bullock , 229 N.C. App. 373, 379, 748 S.E.2d 27, 31, disc. review denied , 367 N.C. 277, 752 S.E.2d 149 (2013). Without adjudicated findings of fact, this Court cannot meaningfully review the conclusions of law and "test the correctness" of the trial court's order. Quick , 305 N.C. at 451, 290 S.E.2d at 657. Therefore, we vacate the termination order and "remand for entry of a revised order with appropriate findings of fact and conclusions of law consistent with those findings." In re Bullock , 229 N.C. App. at 385, 748 S.E.2d at 35.
VACATED AND REMANDED.
Report per Rule 30(e).
Judges DAVIS and ZACHARY concur.

Pseudonyms are used to protect the juveniles' privacy and for ease of reading.

The trial court also terminated the father's parental rights, but he is not a party to this appeal.