IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-157

 Filed: 21 January 2020

Moore County, No. 17 CVS 1328

TODD E. MANESS, Petitioner,

 v.

THE VILLAGE OF PINEHURST, NORTH CAROLINA, Employer, and NORTH
CAROLINA DEPARTMENT OF COMMERCE, DIVISION OF EMPLOYMENT
SECURITY, Respondents.

 Appeal by petitioner from order entered 27 August 2018 by Judge Thomas H.

Lock in Moore County Superior Court. Heard in the Court of Appeals 16 October

2019.

 The McGuinness Law Firm, by J. Michael McGuinness, for petitioner-
 appellant.

 Van Camp, Meacham & Newman, PLLC, by Michael J. Newman, for
 respondent-appellee The Village of Pinehurst.

 North Carolina Department of Commerce, Division of Employment Security
 Legal Services Section, by Regina S. Adams and R. Glen Peterson, for
 respondent-appellee North Carolina Department of Commerce Division of
 Employment Security.

 DIETZ, Judge.

 Under our State’s unemployment benefits program, an employee is not entitled

to benefits if she quit or resigned—or, more specifically, if she “left work for a reason

other than good cause attributable to the employer.” N.C. Gen. Stat. § 96-14.5.
 MANESS V. THE VILLAGE OF PINEHURST

 Opinion of the Court

 Todd Maness, a long-serving law enforcement officer and the petitioner in this

unemployment case, knowingly disobeyed an order from his superiors. He did so

because he was unwilling to disclose his personal medical history to an outside

company hired by the police department to conduct medical screenings of its officers.

Knowing that his refusal would result in immediate disciplinary suspension, Maness

told his superiors that he would not comply, turned in his badge, and went home.

 The Employment Security Division’s Board of Review found that Maness did

not intend to quit and instead turned in his badge because he believed he was

suspended. But the Board also found that Maness’s superiors within the police

department believed that Maness had resigned. The Board of Review then found that

Maness “left work for a reason other than good cause attributable to the employer”

and was not entitled to unemployment benefits. The trial court affirmed the Board of

Review’s ruling.

 We reverse the trial court’s order and remand this case with instructions for

the trial court to vacate the Board of Review’s decision and remand for additional

findings. When an employee’s statements or actions are equivocal, the question of

whether the employee “left work” must be decided objectively, by examining whether

a reasonable person under the circumstances would have viewed the employee’s

actions as quitting or resigning. The Board of Review did not make the necessary

 -2-
 MANESS V. THE VILLAGE OF PINEHURST

 Opinion of the Court

findings under this standard and therefore this matter should be remanded to the

Board for additional findings.

 Facts and Procedural History

 Petitioner Todd Maness worked for more than ten years as a law enforcement

officer for the Village of Pinehurst. In late March 2017, Pinehurst’s Chief of Police

directed all officers to submit to mandatory urine and blood screenings. The

screenings were to take place on 19 April 2017.

 SiteMed, the private firm hired by Pinehurst to administer the screenings,

required anyone submitting to the screening to complete a medical history form that

requested detailed, personal medical history.

 Maness was not scheduled to work on the day of the screenings. Before his

screening, he came to the workplace and met with his superiors, including the Chief

of Police. He explained that he was concerned about disclosing his personal medical

information to a private company like SiteMed. He asked for permission to use his

personal physician to conduct the screening instead.

 The Chief of Police rejected this request and told Maness that all personal

information disclosed to SiteMed would “remain confidential.” Maness decided that

he would not disclose his personal medical information on the screening form and, as

a result, would not be screened by SiteMed along with his fellow officers that day.

Because Maness knew that an officer’s refusal to follow his superiors’ commands

 -3-
 MANESS V. THE VILLAGE OF PINEHURST

 Opinion of the Court

resulted in immediate disciplinary suspension, Maness, “on his own accord, concluded

that he was on a disciplinary suspension which required him to turn in his badge and

credentials.” He turned in his badge and credentials to his superiors, stated “that he

was ‘done’ and was going home,” and then left the workplace.

 Shortly after leaving work, Maness sent a text message to the Chief of Police

“inquiring of possible disciplinary action for his refusal to comply with the required

health screening.” The Chief of Police did not respond because “the matter had been

reported to human resources and human resources would make the decision

regarding [Maness’s] employment.”

 Maness was scheduled to report for duty two days after the screening day. But

the day after the screening, on 20 April 2017, someone in “human resources”

contacted Maness and told him that “he should take compensatory time or vacation

time and not report to work.” Maness later met again with the Chief of Police, who

told Maness that the police department had determined that Maness quit his job and

thus was no longer employed as an officer there.

 On 4 June 2017, Maness filed a claim for unemployment compensation benefits

and the claim made its way through the administrative process in the Employment

Security Division of the North Carolina Department of Commerce. Following a

hearing, an Appeals Referee ruled that Maness “is not disqualified for unemployment

 -4-
 MANESS V. THE VILLAGE OF PINEHURST

 Opinion of the Court

benefits.” Pinehurst appealed that decision to the Employment Security Division’s

Board of Review.

 On 13 November 2017, the Board of Review reversed the decision of the

Appeals Referee and ruled that Maness is disqualified from receiving unemployment

benefits because he “left work without good cause attributable to the employer.”

Maness then petitioned for judicial review in Superior Court. Following a hearing,

the trial court entered an order affirming the Board of Review’s decision. Maness

timely appealed to this Court.

 Analysis

 Maness challenges the determination by the Board of Review that he is

ineligible for unemployment benefits. The standard of review in appeals from the

Board of Review, both to the superior court and to this Court, is whether competent

evidence supports the findings of fact, and whether those findings, in turn, support

the conclusions of law. N.C. Gen. Stat. § 96-15(i); In re Enoch, 36 N.C. App. 255, 256–

57, 243 S.E.2d 388, 389–90 (1978). “[I]n no event may the reviewing court consider

the evidence for the purpose of finding the facts for itself. If the findings of fact made

by [the Board of Review], even though supported by competent evidence in the record,

are insufficient to enable the court to determine the rights of the parties upon the

matters in controversy, the proceeding should be remanded to the end that [the

 -5-
 MANESS V. THE VILLAGE OF PINEHURST

 Opinion of the Court

Board] made proper findings.” In re Bolden, 47 N.C. App. 468, 471, 267 S.E.2d 397,

399 (1980) (citations omitted).

 Under N.C. Gen. Stat. § 96-14.5(a), “[a]n individual . . . is disqualified from

receiving benefits if the Division determines that the individual left work for a reason

other than good cause attributable to the employer.” This Court has long held that

the term “left work” in this context means the employee “quit his job,” as opposed to

being fired by the employer. In re Clark, 47 N.C. App. 166, 166, 266 S.E.2d 854, 856

(1980). But no previous case squarely addresses the question presented here: when

an employee’s statements or actions are equivocal, how does one determine if the

employee actually “left work”?

 Maness argues that, when examining whether an employee has left work, “it

is the employee’s intent that governs.” Thus, Maness argues, an employee cannot

leave work unless the decision to do so was a knowing and voluntary one.

 Respondents, by contrast, argue that the decision is, in effect, a unilateral one

by the employer. In their view, what matters is whether the employer perceived the

employee’s conduct or statements as a resignation, not what the employee actually

intended.

 Both of these proposed standards are flawed. With either approach, the

determination turns on the subjective viewpoint of either the employer or employee.

This runs counter to the general principle that, unless the General Assembly states

 -6-
 MANESS V. THE VILLAGE OF PINEHURST

 Opinion of the Court

otherwise, a factual determination is made objectively, not subjectively. See, e.g.,

Walker v. North Carolina Coastal Resources Comm’n, 124 N.C. App. 1, 5–6, 476

S.E.2d 138, 141 (1996); Silvers v. Horace Mann Ins. Co., 90 N.C. App. 1, 8, 367 S.E.2d

372, 376 (1988).

 Consistent with this principle, we hold that when there is a fact dispute

concerning whether an employee’s statements or conduct amounted to “leaving work”

under the statute, the dispute must be resolved by determining whether a reasonable

person would have believed the employee left work.

 Applying that standard here, we must remand this matter for further findings

by the Board of Review. The Board found that, when Maness turned in his badge and

credentials and stated he was “done,” Maness did not intend to quit his job, but

instead believed he was suspended from active duty:

 As a sergeant and due to his knowledge and experience in
 the department, claimant was aware of the employer’s
 procedure that he would be subjected to disciplinary
 suspension for his failure to obey an order of his superior.
 Claimant, on his own accord, concluded that he was on a
 disciplinary suspension which required him to turn in his
 badge and credentials. (Emphasis added).

 The Board also found that, when Maness turned in his badge and credentials

and stated he was “done,” his employer subjectively believed that he had quit his job:

 After claimant left the worksite, Chief Phipps and Deputy
 Chief Gooch concluded that the claimant had quit work and
 they subsequently informed Angela Kantor, human
 resources director, regarding the matter.

 -7-
 MANESS V. THE VILLAGE OF PINEHURST

 Opinion of the Court

 In its final finding of fact, the Board then found that Maness “left work and

was not discharged by the employer.” But the Board did not state that it made this

finding by applying a reasonable person standard. In its evidentiary findings, the

Board made two conflicting, subjective findings—that Maness did not believe he had

left work and that his employer believed he did.

 The Board also made a number of evidentiary findings that conflict with its

ultimate finding. For example, the Board found that Maness texted the Chief of Police

shortly after turning in his badge and credentials to inquire about what disciplinary

action he would receive—an act inconsistent with having quit. Likewise, the Board

found that, the day after Maness turned in his badge and credentials, a human

resources employee told him that “he should take compensatory time or vacation time

and not report to work” as scheduled. Taking compensatory or vacation time instead

of reporting for work would be unnecessary if Maness already had resigned and no

longer worked there.

 Accordingly, we reverse the trial court’s order affirming the Board of Review

and remand with instructions for the trial court to vacate the Board of Review’s

decision and remand this matter to the Board for further fact finding concerning

whether, based on its existing findings, a reasonable person would have interpreted

Maness’s actions as having “left work.” The Board of Review may, in its discretion,

enter a new decision on the existing record or conduct any further proceedings it

 -8-
 MANESS V. THE VILLAGE OF PINEHURST

 Opinion of the Court

deems necessary to make the findings required by our holding. See N.C. Gen. Stat.

§ 96-15.

 We decline to address Maness’s remaining legal challenges, which may be

mooted by the Board’s decision on remand.

 Conclusion

 We reverse the trial court’s order and remand for the trial court to vacate the

Board of Review’s decision and remand this matter to the Board of Review for further

proceedings.

 REVERSED AND REMANDED.

 Judges INMAN and YOUNG concur.

 -9-